STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation, Plaintiff–Appellee,

v.

Traci BOMKE, Defendant–Appellant.

No. 87–2550.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 1988.

Decided June 20, 1988.

Robert A. Franklin, Caputo, Liccardo, Rossi, Sturges & McNeil, San Jose, Cal., for defendant-appellant.

Eliot R. Hudson, Holiday Walsh, Kincaid, Gianunzio, Caudle & Hubert, Oakland, Cal., for plaintiff-appellee.

Before SKOPIL, PREGERSON and BEEZER, Circuit Judges.

SKOPIL, Circuit Judge:

State Farm Fire and Casualty Co. (State Farm) brought this declaratory judgment action to determine whether its home-owner's insurance policy covers liability for damages caused by the participation of its insured, Robert Huie, in the kidnapping, rape, and forced oral copulation of fourteen year-old Traci Bomke. The district court granted summary judgment in favor of State Farm, 666 F.Supp. 1402 (N.D.Cal. 1987), concluding as a matter of law that Huie's acts demonstrated an intent to harm and thus were excluded from coverage under California law and by the policy's provisions. We affirm.

## DISCUSSION

Bomke contends on appeal that the district court erred in holding as a matter of law that Huie intended to harm her. Huie's participation in the sexual assault began when he was driving with Frederick Trudell and spotted Bomke walking to school. Huie pulled over and Trudell used Huie's gun to force Bomke into the car. Huie then drove to a secluded area where Trudell raped Bomke and forced her into oral copulation. While there is evidence that Huie also sexually assaulted her, the parties dispute this fact. Huie and Trudell were arrested and pleaded guilty to kidnapping, rape, and forced oral copulation. *See* Cal.Penal Code §§ 207, 261(2), and 288a (West 1988; West Supp.1988, and West 1970). Bomke thereafter brought a civil action in state court for damages against Huie and his companion, Frederick Trudell, alleging negligence, false imprisonment, and assault and battery.

 State Farm argues that it is not obligated to defend or indemnify Huie in this pending state action because California law excludes insurance coverage for willful acts. *See* Cal.Ins.Code § 533 (West 1972) ("[a]n insurer is not liable for a loss caused by the willful act of the insured").[1] The California Supreme Court has stated that an act is not willful under section 533 if it is "performed without intent to harm." *Peterson v. Superior Court,* 31 Cal.3d 147, 159, 642 P.2d 1305, 1311, 181 Cal.Rptr. 784, 790 (1982). Moreover, for an insured's act to be deemed willful, the insured must have a "preconceived design to inflict injury." *Clemmer v. Hartford Ins. Co.,* 22 Cal.3d 865, 887, 587 P.2d 1098, 1110, 151 Cal.Rptr. 285, 297 (1978) (internal quotations omitted). If intent to harm is present, it is immaterial that the actual injury caused is different in character or magnitude from that originally contemplated. *Allstate Ins. Co. v. Kim W.,* 160 Cal.App.3d 326, 332, 206 Cal.Rptr. 609, 613 (1984). Thus, while

the insurance company bears the burden of proving intent to harm, *Clemmer,* 22 Cal. 3d at 879–80, 587 P.2d at 1105, 151 Cal. Rptr. at 292, this intent can be inferred as a matter of law by the nature of some acts, such as sexual assault. *Kim W.,* 160 Cal. App.3d at 332, 206 Cal.Rptr. at 613.

Bomke argues that the district court should not have inferred an intent to harm. Viewed in the light most favorable to the defendant, Huie participated in (1) abducting Bomke, (2) driving her to a secluded area, (3) allowing Trudell to use his gun, and (4) assisting Trudell to rape and force Bomke into oral copulation. The issue then is whether an intent to harm may be inferred when the insured does not commit an actual rape but aids and abets kidnapping, rape, and forced oral copulation with the use of that insured's gun. The district court concluded that these actions demonstrated "a preconceived design to inflict injury, a specific intent to injure and some other intent to cause harm."

While the Supreme Court of California has not yet addressed this issue, a California appellate court has inferred such an intent to harm from the sexual assault of a minor. *Kim W.,* 160 Cal.App.3d at 333, 206 Cal.Rptr. at 613. There, the insured admitted that he had violated Cal.Penal Code § 288 (West 1970) (lewd and lascivious acts upon child under fourteen). The court noted that section 288 serves the purpose of protecting children from sexual assaults and that "at least some harm is inherent in and inevitably results from those acts." *Kim W.,* 160 Cal.App.3d at 333, 206 Cal. Rptr. at 613. Therefore, the court inferred an intent to harm from the violation of section 288. *Id.* We have followed *Kim W.,* recognizing that child molestation is willful and thus is excluded from coverage. *American States Ins. Co. v. Borbor,* 826 F.2d 888, 891 (9th Cir.1987).

1. Cal.Civil Code § 1668 (West 1985) also precludes coverage for willful injuries. In addition, the insurance policy here excludes coverage for "bodily injury or property damage which is expected or intended" by the insured. Because section 533 is part of every insurance contract and acts as an exclusionary clause itself, *see American States Ins. Co. v. Borbor,* 826 F.2d 888, 891 (9th Cir.1987), we need not address whether section 1668 or the policy's provisions also exclude coverage for Huie's actions.

■ Bomke attempts to distinguish *Kim W.* because there the insured did not deny an intent to harm. Huie pleaded guilty, however, to kidnapping, rape and forced oral copulation. Even though a guilty plea is not conclusive for purposes of collateral estoppel, a guilty plea "is admissible in a subsequent civil action on the independent ground that it is an admission." *Teitelbaum Furs, Inc. v. Dominion Ins. Co.*, 58 Cal.2d 601, 605, 375 P.2d 439, 441, 25 Cal. Rptr. 559, 561 (1962), *cert. denied*, 372 U.S. 966, 83 S.Ct. 1091, 10 L.Ed.2d 130 (1963). Moreover, other jurisdictions have inferred an intent to harm regardless of a stated contrary subjective intent. *E.g.*, *Western Nat'l Assurance Co. v. Hecker*, 43 Wash. App. 816, 825, 719 P.2d 954, 960 (1986); *State Farm Fire and Casualty Co. v. Williams*, 355 N.W.2d 421, 424 (Minn. 1984).

Bomke also attempts to distinguish *Kim W.* on the basis that the insured there actually committed the sexual assault, whereas here Huie only aided and abetted. We find the distinction immaterial. Damages caused by aiding and abetting a crime are excluded from coverage under section 533. *See Don Burton, Inc. v. Aetna Life & Casualty Co.*, 575 F.2d 702, 705–06 (9th Cir.1978) (insurer need show only that insured aided and abetted arson to prevail under section 533); *Haser v. Maryland Casualty Co.*, 78 N.D. 893, 900–01, 53 N.W.2d 508, 513 (1952) (on rehearing) (taxicab driver's assistance in the rape of a passenger is willful and is excluded from coverage under statute identical to section 533). In addition, aiding and abetting, unlike vicarious liability, requires direct participation by the accused. *See Borbor*, 826 F.2d at 892. Bomke's attempt to equate Huie with those who are liable vicariously ignores Huie's direct involvement here.

Finally, we see no conflict between *Kim W.* and *Allstate Ins. Co. v. Overton*, 160 Cal.App.3d 843, 850–51, 206 Cal.Rptr. 823, 828–29 (1984). In *Overton*, the insured pleaded guilty to misdemeanor battery. The court held that the insurance company must defend the insured because (1) the conviction showed only a general intent to do the act, (2) the insured testified that he had no intent to do harm, and (3) there was no evidence to the contrary. *Id.* at 847–48, 206 Cal.Rptr. at 825–27. In assault and battery cases, however, the insured may have pleaded guilty to a lesser charge even though the insured acted in self-defense or committed simple negligence. These defenses are not applicable in the case of rape, kidnapping, or forced oral copulation. An intent to harm is inherent in the nature of these acts.

■ We therefore conclude as a matter of law that Huie's acts demonstrate an intent to harm Bomke, and thus liability for those acts is excluded from liability coverage under California law.

AFFIRMED.