**ALLSTATE INSURANCE COMPANY,**
Plaintiff–Counter–Defendant–Appellee,

v.

**Albert Joseph GILBERT;**
Defendant–Appellant,

**Margaret E. Gilbert,**
Defendant–Counter–Claimant–Appellant,

and

**Douglas Bryant; Linda Bryant; and
Jennifer Stangle, a minor,
Defendants.**

No. 87–6204.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 1988.

Decided July 19, 1988.

Dorette S. Feit, Irell and Manella, Los Angeles, Cal., for plaintiff-counter-defendant-appellee.

Robert S. Gianelli, Gianelli and Morris, Los Angeles, Cal., for defendants-appellants.

Before BRUNETTI, KOZINSKI and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Albert Gilbert ("Albert") and Margaret Gilbert ("Margaret"), husband and wife, appeal from a summary judgment in favor of Allstate Insurance Company ("Allstate"). Allstate filed a complaint for declaratory relief seeking a determination that it had no duty, under a homeowner's insurance policy, to defend or indemnify either Albert or Margaret against claims for damages caused by Albert's alleged sexual molestation of a minor. In granting Allstate's motion for summary judgment, the district court concluded that, as a matter of law, acts of child molestation demonstrated an intent to harm and were therefore excluded from insurance coverage. With respect to Margaret, the district court concluded that the policy excluded coverage for claims against her for damages resulting from her husband's intentional acts. We affirm.

## I

## FACTS

Albert Gilbert was charged with six felony counts of child molestation under California Penal Code section 288 (West Supp. 1988) ("[l]ewd or lascivious acts with child under age 14"). All counts were with respect to Jennifer Stangle, a child under fourteen years of age. Albert pleaded *nolo contendere* to one of the counts. He was convicted pursuant to that plea.

Jennifer Stangle and her parents, Douglas and Linda Bryant, then filed a civil action for damages against Albert and Margaret Gilbert. The Bryants' complaint contained five causes of action. All of the causes of action were based on allegations that Albert sexually molested Jennifer Stangle over a two-year period beginning when Jennifer was eight years old and ending August 1, 1985.[1] Specifically, the Bryant complaint alleged that Albert repeatedly sexually assaulted Jennifer Stangle by "fondling her breasts and genital area, and attempting other sexual acts, including but not limited to oral copulation, and attempted sexual intercourse." The complaint also alleged that both Albert and Margaret negligently cared for and supervised Jennifer, and that Margaret was negligent in failing to take steps to prevent Albert's acts of sexual molestation upon Jennifer when she knew that he had a propensity for committing, and intended to commit such acts.

During the relevant two-year period when the acts of molestation allegedly took place, the Gilberts were covered by two successive Allstate homeowner's insurance policies. The "first policy" covered the Gilberts for successive one-year periods. The last period of this policy began November 19, 1983 and ended November 19, 1984. On November 19, 1984, Allstate issued a new policy to the Gilberts covering the period from November 19, 1984 to November 19, 1985 (the "second policy").

The insuring clause of the first policy provides, in relevant part: "[Allstate] will pay all sums arising from the same loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage covered by this part of the policy." The first policy contains an exclusionary clause which specifically excludes from coverage: "Bodily injury or property damage intentionally caused by an insured person." The second policy provides, in relevant part: "Allstate will pay all sums arising from an accidental loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage covered by this part of the policy." The second

---

1. The Bryant complaint alleged causes of action for: (1) assault and battery, (2) intentional infliction of emotional distress, (3) negligent supervision, (4) negligence and (5) private nuisance. The cause of action for private nuisance alleged that the Bryant property adjoined that of the Gilberts and, as a result of Albert's having molested Jennifer, the Bryants had been prevented from selling their home, and their property had diminished in value. The district court ruled that the private nuisance claim was not one for property damage within the meaning of the policies. The Gilberts do not challenge that ruling in this appeal.

policy specifically excludes: "Bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which are in fact intended by an insured person."

The Gilberts tendered the defense of the Bryant lawsuit to Allstate. Allstate refused to defend Albert, or to indemnify him in the event he was found liable. Allstate agreed to defend Margaret under a reservation of rights. Allstate then brought this declaratory judgment action to determine whether it had a duty to defend or indemnify either of the Gilberts in connection with the Bryant lawsuit. The Gilberts answered Allstate's complaint. Margaret Gilbert filed a counterclaim against Allstate for breach of contract, breach of the duty of good faith and fair dealing and violation of Cal.Ins.Code § 790.03(h). The district court granted summary judgment in favor of Allstate, and the Gilberts appeal. We have jurisdiction under 28 U.S.C. § 1291.

## II

### ANALYSIS

#### A. *Standard of Review*

The district court's grant of a motion for summary judgment is reviewed by this court de novo. *Aetna Cas. & Sur. Co. v. Centennial Ins. Co.*, 838 F.2d 346, 350 (9th Cir.1988). Our review is governed by the same standard used by the district court under Fed.R.Civ.P. 56(c). Under Rule 56(c), summary judgment is proper when the pleadings and discovery, read in the light most favorable to the non-moving party, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.*

In this diversity of citizenship insurance case, California law governs the substantive issues of state law. *American States Ins. Co. v. Borbor*, 826 F.2d 888, 890 n. 2 (9th Cir.1987).

#### B. *Duty to Defend Albert Gilbert*

Both the first and second insurance policies issued to the Gilberts by Allstate exclude coverage for intentional acts. In addition, Cal.Ins.Code § 533 (West 1972) provides in relevant part: "[a]n insurer is not liable for a loss caused by the willful act of the insured." Under California law, section 533 is a part of every insurance contract and is equivalent to an exclusionary clause in the contract itself. *Borbor*, 826 F.2d at 891); *Evans v. Pacific Indem. Co.*, 49 Cal.App.3d 537, 540, 122 Cal.Rptr. 680, 682 (1975).

The California Supreme Court has stated that "willfulness" within the meaning of Insurance Code section 533 requires a "preconceived design to inflict injury," *Clemmer v. Hartford Ins. Co.*, 22 Cal.3d 865, 887, 151 Cal.Rptr. 285, 297, 587 P.2d 1098, 1110 (1978), and that an act is not willful under section 533 if it is "performed without intent to harm." *Peterson v. Superior Court*, 31 Cal.3d 147, 159, 181 Cal.Rptr. 784, 790, 642 P.2d 1305, 1311 (1982). *See also Allstate Ins. Co. v. Overton*, 160 Cal. App.3d 843, 850, 206 Cal.Rptr. 823, 828 (1984) ("willfulness" under Cal.Ins.Code § 533 requires specific intent to injure). As we recently stated in *State Farm Fire and Cas. Co. v. Bomke*, 849 F.2d 1218, 1219 (9th Cir.1988), "[t]he insurance company bears the burden of proving intent to harm, *Clemmer*, 22 Cal.3d at 879–80, 587 P.2d at 1105, 151 Cal.Rptr. at 292, [but] this intent can be inferred as a matter of law by the nature of some acts, such as sexual assault." (citing *Allstate Ins. Co. v. Kim W.*, 160 Cal.App.3d 326, 333, 206 Cal. Rptr. 609, 613 (1984)).

The facts of the present case closely parallel those of *Kim W.* In *Kim W.*, a minor child filed a complaint through her guardian ad litem against the insured seeking damages for injuries resulting from acts of sexual assault. The insured was covered under a homeowner's insurance policy which expressly excluded coverage for "bodily injury or property damage intentionally caused by an insured person" (an exclusionary clause identical to the

clause in the Gilberts' first policy). Allstate brought a declaratory relief action seeking a determination that the policy provided no coverage for the acts alleged in Kim W.'s complaint. The court concluded that an act of sexual molestation of a child is a "willful" act within the meaning of section 533, and is therefore exempted from insurance coverage. *Id.* at 332, 206 Cal.Rptr. at 613. In reaching this conclusion the court stated:

> In construing exclusionary clauses similar to that in this case, some courts have held that under certain circumstances, the nature of the intentional act of the insured is such that an intent to cause at least some harm can be inferred as a matter of law, and that as long as some harm is intended, it is immaterial that harm of a different magnitude from that contemplated actually resulted.... We conclude that an act which constitutes a violation of Penal Code Section 288 [prohibiting the sexual molestation of a child] is such an act.

*Id.* (citations omitted). *See also Borbor,* 826 F.2d at 891 (violation of Cal.Penal Code § 288 is willful act within meaning of section 533). The acts alleged in the Bryant complaint would constitute, if true, a violation of Penal Code section 288. The alleged acts are therefore willful acts within the ambit of Insurance Code section 533. *Borbor,* 826 F.2d at 891.

■ Albert argues on appeal that Allstate was obligated to defend him despite the fact that the Bryants' complaint was based upon alleged acts of child molestation. According to Albert, the complaint merely raised legal theories of recovery that were not determinative of the acts alleged or of their willfulness. In support of this argument, Albert relies upon several cases in which California courts have held that the insurer must defend a suit which *potentially* seeks damages within the coverage of the policy. For example, in *Overton* the insured was sued for assault and battery. The court held that although the insured may have acted with a general intent to commit the battery, in the absence of evidence that he acted with an "intent to harm," the insurer was not excused from

liability. *Overton,* 160 Cal.App.3d at 850, 206 Cal.Rptr. at 828. *See also Gray v. Zurich Ins. Co.,* 65 Cal.2d 263, 54 Cal.Rptr. 104, 419 P.2d 168 (1966) (insured's conduct not necessarily willful where underlying complaint sounded in assault and battery); *Congregation of Rodef Sholom v. American Motorists Ins. Co.,* 91 Cal.App.3d 690, 696, 154 Cal.Rptr. 348, 351 (1979) (mental capacity of insured is litigable issue when insurance company denies liability on ground that Cal.Ins.Code § 533 precludes coverage).

In the case now before us, however, the allegations of child molestation in the underlying Bryant complaint necessarily compel a finding of intentional wrongdoing. Whereas in an assault and battery case it is possible that evidence at trial may demonstrate self-defense or simple negligence rather than commission of an intentional act, no such possibilities exist where child molestation is alleged. *See Bomke,* at 1220. The intent to cause harm in molesting a child is supplied as a matter of law. *See Kim W.,* 160 Cal.App.3d at 333, 206 Cal.Rptr. at 613; *Borbor,* 826 F.2d at 891. Regardless of what legal theories of civil liability were alleged by the Bryants in their complaint, they were all based upon Albert's numerous alleged acts of child molestation.

Albert contends the evidence may show that the alleged acts of molestation were committed with a diminished mental capacity and, therefore, were committed without intent to cause harm. Even if we were to accept this argument, Albert did not allege any facts supporting such a contention in response to Allstate's complaint for declaratory relief or motion for summary judgment. Under Rule 56(e) of the Federal Rules of Civil Procedure:

> [A]n adverse party may not rest upon the mere allegations and denials of [his] pleading, but [his] response, by affidavits or as otherwise provided in this rule, must set forth *specific facts* showing that there is a genuine issue for trial. If [he] does not so respond, summary judgment, if appropriate, shall be entered against [him]. (emphasis added.)

The Supreme Court has noted that, to defeat summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In the present case, Albert offered no evidence that his alleged acts of child molestation were anything but willful, and his answer to Allstate's complaint contains no allegation to this effect.

In *Kim W.*, the California court explained why the insured's answer to the insurance company's complaint for declaratory relief was fatal to the insured's claim for insurance coverage:

> [The insured's] answer failed to raise a material issue or set up affirmative matter constituting a defense. Allstate's complaint alleged that appellant's policy did not provide coverage for his intentional acts. That allegation was sufficient to establish the existence of a controversy between the parties as to [the insured's] coverage.... [The insured's] answer effectively admitted that his conduct was intentional. Nowhere in his answer did he allege that although his acts were willful, their harmful consequences were unexpected, or that he had no intent to harm his victim. He made no request for leave to amend on that ground.... [The insured's] answers in this case raised no issue as to his mental capacity.

*Kim W.*, 160 Cal.App.3d at 333–34, 206 Cal.Rptr. at 614. As in *Kim W.*, Albert's "possibilities" of coverage amount to mere hope that evidence favorable to his claim will present itself and are insufficient to defeat Allstate's motion for summary judgment. *See T.W. Electrical Serv., Inc. v. Pacific Elec. Cont. Ass'n*, 809 F.2d 626, 630 (9th Cir.1987) (to avoid summary judgment, non-moving party must produce at least some significant probative evidence tending to support its position).

Contrary to Albert's contentions, Allstate was not required to defend the Bryant suit under a reservation of rights until the issue of whether it had a duty to defend was resolved in the declaratory judgment action. The insurer's duty to defend is determined on the basis of the *potential* of liability as derived from facts contained in the complaint or other sources available to the insurer at the time the defense is tendered. *CNA Cas. of Cal. v. Seaboard Sur. Co.*, 176 Cal.App.3d 598, 605, 222 Cal.Rptr. 276, 278–79 (1986). "Where the facts reveal that potential liability does not exist under the policy, the insurer, at its own risk, may refuse to defend the suit." *Saylin v. Cal. Ins. Guarantee Ass'n*, 179 Cal. App.3d 256, 263, 224 Cal.Rptr. 493, 497 (1986). *See also Aetna v. Centennial*, 838 F.2d at 353 (When the facts in the complaint demonstrate that there is no potential of liability under the policy, and the insurer is not otherwise aware of facts that would warrant coverage, the insurer may refuse to provide a defense).

In the present case, Allstate reviewed the allegations in the underlying complaint, as well as Albert's *nolo contendere* plea and conviction in the criminal child molestation action, and determined that it had no duty to defend him. Allstate was correct. Albert's conduct was not covered under either insurance policy and Allstate was under no obligation to defend him.

### C. Duty to Defend/Indemnify Margaret Gilbert

██ Both the first and second policies expressly exclude coverage for injuries intentionally caused by "an insured person." The district court found that the claims against Margaret resulted from intentional acts by "an insured" under the policy, *i.e.*, Albert, and therefore Allstate had no duty to defend or indemnify Margaret.[2] Marga-

---

2. As an alternative ground for granting Allstate's motion for summary judgment, the district court held that Margaret's acts of alleged negligence were completely dependent upon, and arising out of, Albert's alleged sexual assaults. The court reasoned that because Margaret's al-

leged negligence was dependent upon the occurrence of a risk excluded under the policies, her alleged negligence was not covered. Because we rule in favor of Allstate on other grounds, we do not reach this issue. *Compare Atlas Assurance Co. v. McCombs Corp.*, 146 Cal.App.3d

ret contends the term "an insured person" connotes the singular, not the plural, and therefore applies only to the insured committing the willful act. We review the district court's interpretation of the insurance policy de novo. *James B. Lansing Sound, Inc. v. Nat. Union Fire Ins.*, 801 F.2d 1560, 1564 (9th Cir.1986).

It is a well established principle of insurance law that exclusionary clauses in insurance policies are to be construed strictly against the insurer. *See Phelps v. Allstate Ins. Co.*, 106 Cal.App.3d 752, 758–59, 165 Cal.Rptr. 263, 266–67 (1980) (collecting cases). Strict construction does not, however, mean strained construction. *Safeco Ins. Co. v. Gilstrap*, 141 Cal.App.3d 524, 533, 190 Cal.Rptr. 425, 431 (1983). "We may not, under the guise of strict construction, rewrite a policy to bind the insurer to a risk that it did not contemplate and for which it has not been paid." *Id.* We must therefore endeavor to arrive at an objectively reasonable construction of the term "an insured person" in the context of Allstate's exclusionary language. *Id.*

 Recently, a California appellate court was faced with a similar problem of policy interpretation. In *Allstate Ins. Co. v. Condon*, 198 Cal.App.3d 148, 243 Cal. Rptr. 623 (1988), an automobile insurance policy excluded coverage of certain automobiles "available or furnished for the regular use of 'a person insured.'" The issue was whether "a person insured" should be interpreted to mean only the named insured or to include additional insureds under the policy. The court held that "a person insured" was functionally equivalent to the terms "any insured" and "an insured," and "logically refers to any one of all the persons insured under the policy" (as distinguished from "the insured" which refers only to a particular insured). *Id.* In so holding, the *Condon* court drew support from Cal.Ins.Code § 11580.1 (West Supp. 1988). Entitled "Automobile liability insurance; required and optional provisions," this statute reads, in pertinent part:

(c)(8) The term "the insured" as used in paragraphs (1), (2), (3), and (4) shall mean *only that* insured under the policy against whom the particular claim is made or suit brought. The term "an insured" as used in paragraphs (5) and (6) shall mean *any* insured under the policy.... (emphasis added.)

We agree with *Condon* that "an insured" refers to all insureds under the policy.

We hold that by excluding insurance coverage for injury or damage intentionally caused by "an insured person," Allstate unambiguously excluded coverage for damages caused by the intentional wrongful act of *any* insured under the policies. *See Borbor*, 826 F.2d at 894 (insurer may void policy by using appropriate language, *i.e.*, "any insured," in its policy exclusion). The Bryant complaint seeks to recover damages for injuries intentionally caused by Albert Gilbert, "an insured person" under the policies. Coverage for these injuries is thus precluded whether compensation is sought from Albert or Margaret.

### D. *Margaret's Counterclaim*

Margaret counterclaimed against Allstate for breach of contract, breach of the duty of good faith and fair dealing, and violation of Insurance Code section 790.-03(h). Because we hold that Allstate had no duty to indemnify or defend either Albert or Margaret, it follows that it did not breach the contract, or the covenant of good faith and fair dealing or violate Cal. Ins.Code § 790.03(h) in refusing to indemnify or defend either Albert or Margaret.

AFFIRMED.

135, 148–49, 194 Cal.Rptr. 66, 73–74 (1983) *with American States Ins. Co. v. Borbor*, 826 F.2d 888, 895 (9th Cir.1987).