Nichol WISEMAN, a minor, by Diane WISEMAN and Alan Wiseman, her parents and next friends, and Diane Wiseman and Alan Wiseman, individually, Appellants (Plaintiffs Below),

v.

Timothy T. LEMING, (Defendant Below),

v.

STATE FARM FIRE & CASUALTY COMPANY, Appellee (Third-Party Defendant Below).

No. 02A03-9011-CV-00520.

Court of Appeals of Indiana, Third District.

July 10, 1991.

Rehearing Denied Aug. 13, 1991.

Joseph Christoff, Christoff & Christoff, Fort Wayne, for appellants.

Richard K. Helm, Rockhill, Pinnick, Pequignot, Helm & Landis, Warsaw, for appellee.

HOFFMAN, Presiding Judge.

Appellants-plaintiffs appeal the trial court's grant of summary judgment to appellee-third-party defendant, State Farm Fire & Casualty Company.

The facts relevant to this appeal disclose that on October 24, 1988, defendant Timothy T. Leming pled guilty to the child molesting of Nichol Wiseman. The molesting occurred at the defendant's home. Defendant had a homeowners insurance policy with State Farm Fire & Casualty Company, the third-party defendant.

Appellants subsequently brought this action in civil court against Leming asserting battery, intentional tort, and negligence. State Farm filed a declaratory action requesting the trial court to find that it has no obligation under defendant's insurance policy to either defend the action or to pay any judgment. The two actions were consolidated, but the issues of liability and coverage were bifurcated.

After trial by jury, appellants were awarded a judgment of $50,000.00 against Leming. State Farm filed a summary judgment motion which was granted on August 9, 1990. Appellants are now appealing the grant of summary judgment to State Farm.

One issue is dispositive of this appeal: whether defendant Leming's acts fall within the exclusionary clause of his homeowners insurance policy which excludes coverage for bodily injury which is expected or intended by the insured.

In reviewing a motion for summary judgment on appeal, this Court must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. *Snider v. Bob Heinlin Concrete Const. Co.* (1987), Ind.App., 506 N.E.2d 77, 80. The trial court's judgment will be affirmed if sustainable on any theory found in the record. *Id.* A moving party is entitled to judgment as a matter of law if the pleadings, depositions, answers to interrogatories, admissions and affidavits, together with any testimony, do not reveal a genuine issue of material fact. Ind.Trial Rule 56(C).

Leming's insurance policy excludes coverage for bodily injury which is either expected or intended by the insured. Appellants claim that Leming's acts do not fall within this exclusionary clause since Leming did not intend *to harm* the victim. In support thereof, appellants cite to the testimony of a psychologist, Dr. Barton. Dr. Barton testified that after talking to Leming, he found Leming had no intent to injure or harm the victim. Therefore, appellants claim that a question of material fact exists concerning the subjective intent

of Leming. Hence, appellants contend that summary judgment was inappropriate.

■ This Court in *Home Ins. Co. v. Neilsen et al.* (1975), 165 Ind.App. 445, 332 N.E.2d 240, held that intent to cause injury may be established by showing an actual intent to injure, or by showing the nature and character of the act to be such that intent to cause harm to the other party must be inferred as a matter of law. Since an actual intent to injure has not been shown in this case, this Court will discuss whether it can be inferred, as a matter of law, that Leming intended to harm the victim.

This particular issue has been decided in other jurisdictions. In a recent case, *Allstate Insurance Company v. Troelstrup* (1990), Colo., 789 P.2d 415, the Colorado Supreme Court upheld the trial court's grant of summary judgment to the insurance company. The insurance company sought declaratory judgment to deny coverage to a defendant who had been convicted of the sexual assault of a child. The exclusionary clause under which the insurance company was denying coverage is similar to the clause in this case. The appellant in *Troelstrup* was claiming that summary judgment was inappropriate since a psychiatrist testified that the defendant did not intend to harm the victim. The appellant also submitted evidence from other individuals involved in the treatment of the victim and from the police investigator. Based on this evidence, the appellant argued that a question of fact existed as to the intent of the defendant and therefore, summary judgment should not have been granted.

In determining whether a defendant's subjective intent could be circumvented in denying coverage, the court rejected the "objective test" which considers "what a plain ordinary person would expect and intend to result" from a defendant's sexual misconduct. The court explained that this approach has been criticized as being overbroad, rendering "meaningless the plain [policy] language providing for coverage for certain intentional acts. (citations omitted)" *Id.* at 419.

Instead the *Troelstrup* court followed other jurisdictions which have inferred an intent to injure as a matter of law in situations in which the insured has engaged in sexual misconduct with a minor. *Id.* As in *Troelstrup*, the court in *State Farm Fire & Casualty Company v. Bomke* (9th Cir. 1988), 849 F.2d 1218, held that an intent to harm is inherent in the nature of these acts of sexual misconduct regardless of the subjective intent of the defendant.

*See also Allstate Insurance Company v. Gilbert* (9th Cir.1988), 852 F.2d 449; *Fire Insurance Exchange v. Abbott* (1988), 204 Cal.App.3d 1012, 251 Cal. Rptr. 620.

This Court, in agreeing with other jurisdictions, finds that the defendant's acts of child molestation in this case, which are proscribed by our criminal statutes due to the heinous nature of such acts, are inherently harmful to the victim of the crime. Therefore, it can be inferred from these acts that the defendant intended to harm the victim. In so holding, this Court finds that the subjective intent of the defendant is irrelevant.

■ Appellants claim that the defendant is mentally ill which would negate the intent to harm. This Court in *West American Ins. Co. v. McGhee* (1988), Ind.App., 530 N.E.2d 110, held that an intentional acts exclusion in an insurance policy would not apply where the insured is legally insane at the time of the acts and thus lacked the mental capacity to intend to harm. However, the Court also recognized that the burden is on the party seeking to avoid application of the intentional acts exclusion to show that the insured was legally insane at the time of the acts and thus not mentally capable of intending to cause any harm. Appellants made no showing in this case that the defendant was affected by a mental disorder at the time of the crime which affected his capacity to intend the results of his misconduct. Therefore, the trial court properly granted summary judgment.

Affirmed.

GARRARD and RUCKER, JJ., concur.