[S.F. No. 23429. June 21, 1976.]

CALIFORNIA STATE AUTOMOBILE ASSOCIATION INTER-INSURANCE BUREAU, Plaintiff and Respondent, v.
HARRY C. WARWICK et al., Defendants and Appellants.

## Counsel

Nielsen, Hales & Hayden, Nielsen, Hales & Markley, Robert H. Christensen, Richard J. Helphand and Tom B. Markley for Defendants and Appellants.

Kevin B. McCray, Hutchins & Yank, Staiger, Yank, Molinelli & Preston and John J. Healy for Plaintiff and Respondent.

## OPINION

**MOSK, J.**—In this action for declaratory relief, the trial court ordered judgment for the plaintiff insurance carrier on the ground that the insurance contract did not provide coverage for defendant Harry C. Warwick (hereinafter Warwick) in regard to the personal injury liability claims of his wife, defendant Bernice C. Warwick. The court declared that the insurer did not have a duty to defend or indemnify Warwick. Defendants appeal from the judgment. We affirm.

The facts are not in dispute. The insurer issued an automobile insurance policy to Warwick covering a 1969 Volvo station wagon for the period February 7, 1972, through February 7, 1973. On September 22, 1972, during the policy period, Bernice Warwick sustained personal injuries resulting from an accident which occurred while she was a passenger in the insured Volvo. She filed suit against Warwick, who was driving the vehicle, alleging that his negligent operation of the car caused the accident. At the time of the accident, Bernice and Harry Warwick were wife and husband residing in the same household.

The pertinent portions of the insurance policy which are applicable to this case are as follows: "INSURING AGREEMENTS. PART I—LIABILITY.

"BODILY INJURY LIABILITY: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages, other than punitive damages, because of:

"(a) bodily injury, including death resulting therefrom, hereinafter called 'bodily injury' sustained by any person;

"DEFINITIONS: 'Named insured' means the individual named in Item 1 of the declaration and also includes his spouse, if a resident of the same household;

"'Insured' means a person or organization described under 'Persons Insured';

"PERSONS INSURED: The following are insureds under Part I:

"(a) With respect to the owned automobile,

"(1) the named insured, and if the named insured is an individual or husband and wife, a relative,

"(2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission.

"EXCLUSIONS: This policy does not apply under Part I:

"                                          .

"(k) to liability to [*sic*] bodily injury to any insured."

The insurer's basic contention is that it has no duty to indemnify Warwick in the event his wife recovers judgment against him because of the accident. It reasons that the provision of the policy which precludes indemnification for liability to "any insured" covers Bernice Warwick's claim against her husband since, under the definition in the policy, she is a "named insured."

We observe at the outset that the exclusion involved in this case is authorized by subdivision (c) of section 11580.1 of the Insurance Code.[1] That provision states:

"(c) In addition to any exclusion as provided in paragraph (3) of subdivision (b), the insurance afforded by any such policy of automobile liability insurance to which subdivision (a) applies may, by appropriate policy provision, be made inapplicable to any or all of the following:

"                                          .

"(5) Liability for bodily injury to an insured.

"                                          .

"The term 'the insured' . . . shall mean only that insured under the policy against whom the particular claim is made or suit brought. The term 'an insured' as used in paragraphs (5) and (6) of this subdivision shall mean any insured under the policy."

---

[1]All statutory references hereinafter are to the Insurance Code.

Because the exclusion clause is permitted by section 11580.1, the determinative issue is whether its language is sufficiently clear to put the policyholder on notice that it is intended to apply to liability for injuries to *any and all* insured persons who are injured while driving or occupying the insured vehicle.[2] Subdivision (b) of section 11580.1 expressly requires that the insurer designate "by explicit description . . . the purposes for which coverage for such motor vehicles is specifically excluded." The Insurance Code thus incorporates the well-established rule that an exclusion clause in an insurance policy cannot be upheld unless the clause is phrased in clear and unmistakable language. (*State Farm Mut. Auto. Ins. Co.. v. Jacober* (1973) 10 Cal.3d 193, 201-202 [110 Cal.Rptr. 1, 514 P.2d 953].)

Defendants contend that the exclusion clause is misleading; they invoke the principle that if coverage is available under any reasonable interpretation of an ambiguous clause of an insurance policy, the insurer cannot escape its obligations. (*Continental Cas. Co.* v. *Phoenix Constr. Co.* (1956) 46 Cal.2d 423, 437 [296 P.2d 801, 57 A.L.R.2d 914].) They argue that the exclusion of coverage for injury to "any insured" can be interpreted reasonably as excluding only injuries sustained by the insured driver. Under this interpretation of the exclusion clause, any person insured under the policy would be entitled to indemnity if he sustained injury while riding as a passenger in the insured vehicle.

Defendants rely on *State Farm Mut. Auto. Ins. Co.* v. *Jacober* (1973) *supra,* 10 Cal.3d 193. In that case the owner of the insured vehicle was injured while riding in his car, which was being driven by a permissive user. There, as here, the policy protected the named insured and permissive users of the insured automobile against liability to "other persons." We stated that from the driver's point of view, the automobile owner was clearly among the "other persons" against whom the driver might reasonably expect and claim protection. Unlike the present case, the policy in *Jacober* excluded indemnification for injury to *"the* insured." We held that this exclusionary language was not sufficiently clear to permit the insurer to exclude recovery for injuries sustained by the owner of the insured vehicle while he was a passenger in the car because the provision could be reasonably interpreted as excluding only injuries sustained by the insured driver himself.

---

[2]An ambiguous policy provision would obviously not meet the requirements of subdivision (c) that the enumerated exclusions may be provided "by appropriate policy provision"; only a clearly worded exclusion clause is an "appropriate" provision.

In our view, *Jacober* is distinguishable because its exclusion clause refers to injuries to *"the* insured" while the present policy refers to injuries sustained by *"any* insured." The term "any insured" has a plural connotation, unlike "the insured."[3] Webster defines the word "any" to mean "one indifferently out of more than two"; "one or another"; and "one, no matter what one." (Webster's New Internat. Dict. (3d ed. 1961) p. 97.) From the earliest days of statehood we have interpreted "any" to be broad, general and all embracing. In *Davidson* v. *Dallas* (1857) 8 Cal. 227, 239, this court declared the "word 'any' means every, and the expression 'for these purposes or any of them' in effect reads: 'for the foregoing purposes and every of them.' " (To the same general effect are *Estate of Wyman* (1962) 208 Cal.App.2d 489, 492 [25 Cal.Rptr. 280]; *Emmolo* v. *Southern Pacific Co.* (1949) 91 Cal.App.2d 87, 92 [204 P.2d 427]; *Coelho* v. *Truckell* (1935) 9 Cal.App.2d 47, 59 [48 P.2d 697].)

In view of the popular and accepted meaning of the word "any," the term "any insured" unmistakably refers to any person insured under the policy, whether such person is a named or unnamed insured, a driver or a passenger.[4] We conclude that the exclusion clause in the policy is susceptible to only one interpretation by the lay reader: that the insurer would not pay indemnity for injuries suffered by Bernice Warwick while she was riding as a passenger in the insured vehicle.

The judgment is affirmed.

Wright, C. J., McComb, J., Tobriner, J., Clark, J., Richardson, J., and Bray, J.,* concurred.

---

[3]The definitions provided in section 11580.1 support this semantic distinction. The code provides that for the purpose of subdivision (c) of section 11580.1, the term "the insured" is used in a *singular* sense to mean "only that insured . . . against whom the particular claim is made or suit brought."

[4]Defendants also criticize the language of the policy as ungrammatical and therefore necessarily ambiguous. They observe that the policy (in Exclusions, subd. (k)) excludes from coverage liability "to"—rather than liability "for"—certain losses, and assert that the lay reader would immediately recognize the word "to" as a mistake and would be confused as to which preposition was actually intended. In our view, however, the meaning of the exclusion is quite clear even though the grammar could be improved: Any reader of the policy can have no doubt that the liability provisions under Part I do not extend *to* bodily injury to any insured. In the context of the exclusion clause, the erroneous use of the preposition "to" is not misleading.

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.