162 Cal.App.3d 89 (1984)
208 Cal. Rptr. 131
CALIFORNIA STATE AUTOMOBILE ASSOCIATION INTER-INSURANCE BUREAU, Plaintiff and Respondent,
v.
SHIRLEY BOURNE et al., Defendants and Appellants.
Docket No. 24023.
Court of Appeals of California, Third District.
November 27, 1984.
*90 COUNSEL
Shirley Bourne, in pro. per., Miles, Sears & Eanni, Gerald J. Maglio, Parichan, Renberg, Crossman & Harvey and Charles L. Renberg for Defendants and Appellants.
Bolling, Walter & Gawthrop, Craig E. Farmer, George E. Murphy, Staiger, Santana, Yank, Molinelli & Preston and Frank E. Preston for Plaintiff and Respondent.
OPINION
BLEASE, J.
(1a) In this case we affirm a declaratory judgment that an exclusion from coverage for bodily injury to an insured in a policy of automobile *91 insurance renders the policy inapplicable to a cross-complaint against an insured for indemnity by a concurrent tortfeasor.
The facts are few. On November 29, 1980, Chandra Bourne (Chandra), a minor, was seriously injured in an accident while riding as a passenger in an automobile operated by her mother, Shirley Bourne (Shirley). The accident occurred when the vehicle crossed a center divider and struck an automobile driven by Robert O'Connell (O'Connell). Shirley is the named insured and Chandra an insured under a California State Automobile Association Inter-Insurance Bureau (CSAA) automobile liability policy. Chandra filed a personal injury action alleging her mother and O'Connell both negligently caused her to be injured. O'Connell filed a cross-complaint against Shirley seeking partial indemnity for damages for which he, as a joint tortfeasor with Shirley, might become obligated to pay for Chandra's injuries. CSAA then filed this action for declaratory relief. We review the resulting judgment.
Two parts of the CSAA policy are relevant to the review: the first establishes CSAA's obligations to its insured; the second excludes injuries to any insured from giving rise to these obligations.
Part I of the policy establishes CSAA's obligations to the person it insures. It provides that CSAA shall "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages, ... because of: [¶] (a) bodily injury [] sustained by any person ... arising out of the ownership, maintenance or use of the owned automobile or any nonowned automobile, and the Bureau shall defend any suit alleging such bodily injury ... and seeking damages which are payable under the terms of this policy...."
Part I also contains a clause which excludes specific matters from the obligation provisions. It says: "This policy does not apply under Part I ... (k) to liability for bodily injury to any insured...." This clause is put in issue because Chandra is an insured under the policy as "a relative of the named insured ... who is a resident of the named insured's household."

DISCUSSION
(2) An exclusion clause in a policy of automobile insurance must be conspicuous, plain and clear. Otherwise the insurer cannot rely on it to negate obligations to an insured. (State Farm Mut. Auto. Ins. Co. v. Jacober (1973) 10 Cal.3d 193, 201 [110 Cal. Rptr. 1, 514 P.2d 953].) Insurance Code section 11580.1, subdivision (c)(5) permits a policy of automobile *92 insurance to exclude "[l]iability for bodily injury to an insured...." The CSAA policy adopts this language for its exclusion clause changing only "an" to "any." So phrased, the clause was upheld against a claim of ambiguity in California State Auto. Assn. Inter-Ins. Bureau v. Warwick (1976) 17 Cal.3d 190 [130 Cal. Rptr. 520, 550 P.2d 1056]. The court said: "`any insured' unmistakably refers to any person insured under the policy...." (Id., at p. 195.) Warwick concerned an action by an insured against an insured. Therefore, as defendants concede, the action by Chandra against Shirley is within the exclusion. (1b) But they claim that the exclusion is ambiguous with respect to CSAA's obligation to defend Shirley against the third party action by O'Connell. They say the language of the exclusion, while defeating the expectation of the insured that the insurance applies to actions between two insureds, is not "sufficiently clear to put an insured on notice it [sic] intended to apply to liability to a third party filing a cross-complaint." However, the language in the policy is unambiguous on this point.
The policy obligates CSAA only for those damages for which an insured may become liable. No obligation arises if the damages are attributable solely to a third party. Thus, for the policy to be applicable to a third party action it must do so because the liability of an insured for covered damages is at issue. The policy obligates CSAA to "defend any suit alleging ... bodily injury [to any person] ... and seeking damages which are payable under the terms of the policy...." That makes the substance of the pleading and not the form of the action or the parties to it the measure of the obligation. For the defendants to prevail, the O'Connell action must comply with these provisions. An indemnity action puts in issue the liability of a concurrent tortfeasor for the damages for which the tortfeasors are jointly liable. (See American Motorcycle Assn. v. Superior Court (1978) 20 Cal.3d 578, 599 [146 Cal. Rptr. 182, 578 P.2d 899].) Where, as here, the concurrent tortfeasor is an insured, the action puts in issue the damages for which the insured is liable and to that extent brings it within the policy. But the policy provides coverage and a defense only if the damages at issue are "payable under the terms of this policy." Damages are not payable, by reason of the exclusion clause, if they are damages for bodily injury to any insured. Thus, the operative facts which bring an indemnity action within the policy also subject it to the exclusion.[1] Since the damages upon which *93 the concurrent liability of an insured (Shirley) are predicated in the O'Connell action are damages to an insured (Chandra), the exclusion clause negates any obligation of CSAA to defend Shirley in the action.
Defendants direct our attention to the fact that Insurance Code section 11580.1, subdivision (c)(5), was amended, effective January 1, 1983. (Stats. 1982, ch. 736, § 1, p. 2923.) The amendment adds to the existing provisions that automobile liability insurance may be made inapplicable to "... liability for bodily injury to an insured whenever the ultimate benefits of that indemnification accrue directly or indirectly to an insured." (§ 11580.1, subd. (c)(5).)[2] They draw from this that the existing provisions of the statute are ambiguous in their application to an action for indemnity and that the CSAA clause based on them is likewise ambiguous. But, as we have seen, there is no ambiguity. The amendments to section 11580.1 do no more than lock the barn door when the horse is tethered inside.[3]
The judgment is affirmed.
Puglia, P.J., and Sparks, J., concurred.
The petitions of appellants O'Connell and Chandra Bourne for a hearing by the Supreme Court were denied March 14, 1985.
NOTES
[1] A similar conclusion has been reached by courts in other states. (See State Farm Mut. Auto. Ins. Co. v. Suarez (1982) 104 Ill. App.3d 556 [432 N.E.2d 1204]; accord State Farm Mut. Auto. Ins. Co. v. Palmer (1984) 123 Ill. App.3d 674 [463 N.E.2d 129, 133]; Parker v. State Farm Mutual Automobile Ins. Co. (1971) 263 Md. 206 [282 A.2d 503, 509]; Fla. Farm Bureau Ins. v. Government Emp. Ins. (Fla. 1980) 387 So.2d 932, 934; Minners v. State Farm Mutual Automobile Ins. Co. (1969) 284 Minn. 343 [170 N.W.2d 223, 227].)
[2] Appended to the 1982 amendment is an uncodified expression of the Legislature's intent: "It is the intent of the amendments made by this act which are contained in the first paragraph of subdivision (c) of Section 11580.1 of the Insurance Code to ensure that there is no duty to provide a defense where there is no reasonable possibility of an obligation to provide insurance coverage under subdivision (c). Further, it is the intent of the amendments made by this act which are contained in paragraph (5) of subdivision (c) of Section 11580.1 of the Insurance Code to ensure that there is no duty to indemnify an insured named in a cross-complaint where there would be no duty to indemnify if the insured were sued directly." (Stats. 1982, ch. 736, § 3, p. 2932.)
[3] This is revealed by the form of the legislation. The existing law unqualifiedly permits the exclusion of "[l]iability for bodily injury to an insured." That language is retained. The amendment repeats this language and adds "whenever the ultimate benefits of that indemnification accrue directly or indirectly to an insured." This says nothing more than that the exclusion applies whenever the injuries to an insured are at issue. Of course.