[No. G015426. Fourth Dist., Div. Three. Feb. 28, 1995.]

BRUCE DE MAY, Plaintiff and Respondent, v.
INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB OF
SOUTHERN CALIFORNIA, Defendant and Appellant.

**COUNSEL**

Ford, Walker, Haggerty & Behar, G. Richard Ford and Maxine J. Lebowitz for Defendant and Appellant.

John K. Saur for Plaintiff and Respondent.

**OPINION**

**SONENSHINE, J.—**

*Background*

On April 8, 1991, Bruce De May caused a vehicle accident in which his passenger, Jeannette Davenport, suffered serious permanent injuries. De May and Davenport are co-owners of the automobile and co-insureds under a policy issued by Interinsurance Exchange of the Automobile Club of Southern California (Auto Club). They are not spouses or otherwise related to each other.

Davenport filed a personal injury suit against De May. He tendered a request for defense and indemnification to Auto Club. The policy provides, in pertinent part, "We will pay damages for which any person insured is legally liable because of *bodily injury* . . . arising out of the ownership, maintenance or *use* of an [insured] *automobile*"; "We will defend . . . any

suit claiming damages for *bodily injury* . . . if covered by your policy"; "In the *use* of an *insured automobile*, the following are insured: [¶] . . . you;" " '[Y]ou'· and 'your' mean the insured named in Item 1 in the declarations, and if the insured named is one person, the spouse if a resident of the same household"; and—under exclusions—"[W]e will not defend suit[s] alleging liability for, nor does the policy apply to liability for: . . . (f) *bodily injury* to you or a *relative*." There are two persons "named in Item 1 in the declarations"—De May and Davenport.

The insurer rejected De May's tender and later turned down Davenport's offer to settle for policy limits of $100,000. De May allowed a default to be entered against him. Following Davenport's prove-up hearing, the court entered a default judgment in excess of $485,000.[1] De May and Davenport then sued Auto Club, alleging the insurer's wrongful refusal to defend and indemnify De May and its wrongful denial of policy benefits to Davenport. On June 28, 1993, the court granted De May's motion for summary adjudication of the first cause of action for breach of contract; it found Auto Club was obligated to pay De May $528,614.49, representing the amount of the default judgment plus interest accruing from the date of its entry. To facilitate Auto Club's appeal, the parties entered into a release and settlement agreement stipulating to dismiss the remaining cause of action for bad faith. Judgment was entered in favor of De May.

## Discussion

■ Auto Club concedes De May's claim for defense and indemnification comes within the basic coverage of the liability policy. The question is whether the claim falls within the clause *excluding* coverage for "bodily injury to *you*," defined as "the insured." The issue on appeal involves interpretation of the singular term "*the* insured" in the context of more than one insured person. Auto Club insists the only reasonable interpretation is that "the insured" refers to everyone "named in Item 1 in the declarations." De May offers another interpretation: The policy's exclusion of "bodily injury to you [the insured]" may reasonably be construed as referring only to the party facing liability for negligent use of the vehicle.

■ Where, as here, a claim falls within the insuring clause, the insurer has the burden of showing an exclusion applies. (*American Star Ins. Co.* v.

---

[1]Davenport's medical expenses approached $200,000. There is no issue of collusion relating to the default judgment.

*Insurance Co. of the West* (1991) 232 Cal.App.3d 1320, 1327 [284 Cal.Rptr. 45].) An exclusionary clause "must be *conspicuous, plain and clear.*" (*Steven* v. *Fidelity & Casualty Co.* (1962) 58 Cal.2d 862, 878 [27 Cal.Rptr. 172, 377 P.2d 284], italics added.) "A conspicuous, unambiguous applicable exclusion will override the insuring clause and eliminate coverage the policy might otherwise afford. [Citation.]" (*American Star Ins. Co.* v. *Insurance Co. of the West, supra,* 232 Cal.App.3d at p. 1325.)

■ Policy language is ambiguous when it is amenable to more than one reasonable construction. (*Delgado* v. *Heritage Life Ins. Co.* (1984) 157 Cal.App.3d 262, 271 [203 Cal.Rptr. 672].) The appellate court determines the issue of ambiguity as a question of law. (*Id.* at p. 270.) It does not decide which of various interpretations is correct because, "under settled principles so long as coverage is available under any reasonable interpretation of an ambiguous clause, the insurer cannot escape liability." (*State Farm Mut. Auto. Ins. Co.* v. *Jacober* (1973) 10 Cal.3d 193, 197 [110 Cal.Rptr. 1, 514 P.2d 953].)

The trial court found *State Farm Mut. Auto. Ins. Co.* v. *Jacober, supra,* 10 Cal.3d 193, governed its disposition of the coverage issue. In *Jacober,* three consolidated appeals all involved incidents in which the vehicle owner was injured while riding as a passenger with the also-injured permissive user at the wheel. At issue was interpretation of a form automobile liability policy, in which the insurer agreed " 'to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of (a) bodily injury sustained by other persons' arising from the use of the owned automobile. . . ." (*Id.* at p. 199.) The term "insured" was defined in five categories, including, in pertinent part, " '(1) the named insured, . . . and (4) any other person while using the owned automobile, provided the operation and the actual use of such automobile are with the permission of the named insured . . . .' " (*Ibid.*) Under a policy exclusion, the insurance did not apply to " '*bodily injury to the insured* . . . .' " (*Ibid.,* original italics.)

The *Jacober* court perfunctorily determined the threshold question, finding the insuring clause of the policy provided coverage to a permissive user for injuries sustained by the vehicle owner. (*State Farm Mut. Auto. Ins. Co.* v. *Jacober, supra,* 10 Cal.3d at p. 200.) It then turned to the clause excluding coverage for injuries " 'to the insured.' " (*Id.* at p. 201.) It noted the parties had offered three alternative interpretations of "the insured:" only the person facing potential liability and claiming protection of the policy; all persons in

all five categories defining "insured"; all persons defined as "named insured." (*Id.* at p. 202.) In light of these alternative interpretations, the court found the exclusion "is by no means phrased 'in clear and unmistakable language' [citation] and can hardly be characterized as 'conspicuous, plain and clear.' [Citation.]" (*Id.* at p. 207.) It reiterated a well-established principle: "If an insurer intends to exclude coverage for injuries to the owner of the insured vehicle, even though incurred while some other insured is driving, it must draft its policy to avoid any misinterpretation by the average lay[person]." (*State Farm Mut. Auto. Ins. Co.* v. *Jacober, supra,* 10 Cal.3d at p. 207.) The *Jacober* court concluded, "[T]he policy's exclusion of 'bodily injury to *the insured*' may reasonably be interpreted as referring *only to injuries sustained by the party facing liability for an alleged misuse of the vehicle,* that is, the party who seeks a legal defense and indemnity from the insurer. . . . Because under this interpretation coverage would not be excluded for the injuries in the instant case, we hold that the trial courts correctly declared that the insurer was bound to its duty to defend and indemnify." (*Id.* at p. 203, italics added.)[2]

 Here, as in *Jacober,* the policy uses the term "the insured," albeit by a more circuitous route. It provides, "In the *use* of an *insured automobile,* the following are insured: [¶] . . . you." It then defines "you" as "*the* insured named in Item 1 in the declarations" and covers damages "for which any person insured is legally liable because of *bodily injury* . . . arising out of the ownership, maintenance or *use*" of the insured vehicle. But it excludes coverage for "*bodily injury* to you . . . ."

Here, as in *Jacober,* there is a problem with interpretation of the singular term "the insured." For at least three reasons, De May's construction of the term as referring only to the party against whom the claim is made is reasonable. First, in a decision subsequent to *Jacober,* the Supreme Court noted there is a significant difference between "*the* insured" and "*any* insured." In *California State Auto. Assn. Inter-Ins. Bureau* v. *Warwick* (1976) 17 Cal.3d 190 [130 Cal.Rptr. 520, 550 P.2d 1056], the court stated: "In our view, *Jacober* is distinguishable because its exclusion clause refers to injuries to '*the* insured' while the present policy refers to injuries sustained by

---

[2]The *Jacober* court did not reach its conclusion in a vacuum. Citing a plethora of authority, the court observed, "[N]umerous courts have recognized that the provision at issue is at least reasonably susceptible of an interpretation which would exclude coverage only for injuries sustained by the 'insured' seeking the protection of the insurance policy in the particular case at hand." (*State Farm Mut. Auto. Ins. Co.* v. *Jacober, supra,* 10 Cal.3d at p. 207.)

'*any* insured.' The term 'any insured' has a plural connotation, unlike 'the insured.'" (*Id.* at p. 195, fn. omitted.)[3]

Second, as noted in *Warwick*, Insurance Code section 11580.1[4] "support[s] this semantic distinction." (*California State Auto. Assn. Inter-Ins. Bureau* v. *Warwick, supra,* 17 Cal.3d at p. 195, fn. 3.) Indeed, section 11580.1, subdivision (c)(8) authorizes insurers to write appropriately worded exclusion clauses into liability policies, but cautions as follows: "The term 'the insured' as used in [pertinent] paragraphs . . . shall mean *only* that insured under the policy against whom the particular claim is made or suit brought. The term 'an insured' as used in [pertinent] paragraphs . . . shall mean *any* insured under the policy including those persons who would have otherwise been included within the policy's definition of an insured but, by agreement, are subject to" statutory limitations. (Italics added).

■ And finally, words used in an insurance policy are construed in their ordinary and popular sense and the policy "should be read as a lay[person] would read it and not as it might be analyzed by an attorney or an insurance expert." (*Crane* v. *State Farm Fire & Cas. Co.* (1971) 5 Cal.3d 112, 115 [95 Cal.Rptr. 513, 485 P.2d 1129, 48 A.L.R.3d 1089].) ■ As noted by the *Jacober* court, "A lay[person] attempting to interpret an insurance policy . . . is not likely to have the legal sophistication to deduce what an insurance company is attempting to accomplish by an ambiguous exclusionary clause; it is on just such grounds that our cases have uniformly required that exclusions be 'conspicuous, plain and clear.' [Citation.] If an insurer intends to exclude coverage for injuries to the owner of the insured vehicle, even though incurred while some other insured is driving, it must draft its policy to avoid any misinterpretation by the average lay [person]." (*State Farm Mut. Auto. Ins. Co.* v. *Jacober, supra,* 10 Cal.3d at p. 207.)

Thus, decisional law, statutory law and the commonsense view of the layperson support the reasonableness of De May's interpretation of the term "the insured" as referring to one person, namely *the* insured "named in Item 1 of the declarations" against whom the bodily injury claim is made.

---

[3]In *Allstate Ins. Co.* v. *Condon* (1988) 198 Cal.App.3d 148, 153 [243 Cal.Rptr. 623], the Fourth District Court of Appeal, Division One, also noted the singular connotation of " 'the insured,' " as contrasted with the plural connotation of the "analogous modifiers" used in " 'a person insured,' " " 'an insured' " and " 'any insured.' " With regard to the "a-an-any" group of modifiers, it found "[t]here is no logical method to construe the phrase as singling out any particular insured person within the coverage of the policy." (*Ibid.*)

[4]All further statutory references are to the Insurance Code.

Auto Club argues *Jacober* was limited to its facts in *Schwalbe* v. *Jones* (1976) 16 Cal.3d 514 [128 Cal.Rptr. 321, 546 P.2d 1033], in which the Supreme Court held enforceable policy exclusions for bodily injury of a named insured caused by an additional-insured permissive user. But the *Schwalbe* issue was not the clarity or ambiguity of the exclusionary clause; it was the *constitutionality* of a provision of former section 17158 of the Vehicle Code "dealing with injury to, or death of, an owner riding as a passenger in his [or her] own vehicle." (16 Cal.3d at p. 516.) And, quite ironically, *Schwalbe* does not advance Auto Club's position, but adds fuel to De May's fire. It states, "We may judicially notice as a matter of generalized knowledge [citation] that substantially all [automobile liability] policies presently contain exclusions of this nature—which exclusions, *if stated in unambiguous terms* clearly operate to preclude an owner from recovering under his [or her] own liability policy under any circumstances, including those here at issue. The [*Jacober*] case . . . simply held that the particular exclusion there in question was ambiguous with respect to whether the named insured was to be excluded from recovery when a second 'insured,' the permissive user-driver, negligently injured him. *It is to be assumed that insurance companies will be studious to avoid such ambiguity in the future* by modelling their exclusion upon that which was approved in the *Geyer* and *Brown* cases, a course which we clearly invited in *Jacober* [citation]. In so doing they will merely avail themselves of an exclusion expressly permitted by section 11580.1 of the Insurance Code." (*Schwalbe* v. *Jones*, *supra*, 16 Cal.3d at pp. 521-522, fn. 9, italics added.)[5]

Despite *Jacober, Warwick* and *Schwalbe* and other decisions dealing with the issue,[6] and the enactment of section 11580.1, with its explicit reference to the meaning of "the insured" (§ 11580.1, subd. (c)(8)), Auto Club has chosen, for whatever reason, to define the excluded "you" as "*the* insured named in Item 1 of the declarations," rather than "*any* insured . . . ," "*all* insureds . . . ," or "a person named as an insured . . . ." Even assuming the insurer's interpretation of the term "*the* insured" as a collective reference

---

[5]Both of the cases to which the *Schwalbe* court refers, *Farmers Ins. Exch.* v. *Geyer* (1967) 247 Cal.App.2d 625 [55 Cal.Rptr. 861] and *Farmers Ins. Exch.* v. *Brown* (1967) 252 Cal.App.2d 120 [60 Cal.Rptr. 1], deal with exclusions providing the policy coverage does not extend to the liability of *any* insured for bodily injury to specified persons, including the named insured and spouse residing within the same household. We note those cases and *Schwalbe* itself examined the policy language to determine the *validity* of the exclusions under the law, an issue which is not involved here.

[6]See, e.g., *National Union Fire Ins. Co.* v. *Lynette C.* (1991) 228 Cal.App.3d 1073, 1079 [279 Cal.Rptr. 394]; *Allstate Ins. Co.* v. *Condon*, *supra*, 198 Cal.App.3d at pp. 152-154; *Allstate Ins. Co.* v. *Gilbert* (9th Cir. 1988) 852 F.2d 449, 453-454; *American States Ins. Co.* v. *Borbor by Borbor* (9th Cir. 1987) 826 F.2d 888, 894; and *Arenson* v. *Nat. Automobile & Cas. Ins. Co.* (1955) 45 Cal.2d 81, 83-84 [286 P.2d 816].)

to De May *and* Davenport is reasonable, De May's interpretation—excluding coverage for bodily injury only to the insured against whom the claim has been made—is also reasonable. Ambiguous exclusions are construed in favor of the insured; we must affirm the trial court's finding of coverage. (See *State Farm Mut. Auto. Ins. Co.* v. *Jacober, supra,* 10 Cal.3d at p. 203.)[7]

The judgment is affirmed. De May shall recover his costs on appeal.

Sills, P. J., and Wallin, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 18, 1995.

---

[7]We have considered all of the arguments advanced by Auto Club and find them without merit. No extended discussion is warranted. (1) The reasoning of other states criticizing *Jacober* and its progeny is not persuasive and, in any event, we are neither at liberty nor inclined to disregard the repeated pronouncements of the California Supreme Court on the subject, as discussed *supra.* (2) The Legislature did not "vitiate" *Jacober* when it enacted section 11850.1, statutorily authorizing certain policy exclusions; Auto Club points to no authority in support of this vacuous proposition. Moreover, the mere fact that policy exclusions are authorized does not mean they pass the ambiguity test. (3) The other California decisions cited by Auto Club as upholding exclusionary clauses, are inapt for a variety of reasons, most notably because they either pertain to spouses or other family members unambiguously identified in the subject exclusion clauses, or deal with the propriety of exclusions under the Insurance Code. (4) Auto Club's convoluted and strained argument of how the text of the definition of "you" includes both persons named in item 1 of the declarations gives testimony to the *existence* of the ambiguity, rather than explaining it away.