**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| THOMAS T. HAWKER; et al., | No.    15-16013 |
| Plaintiffs, | D.C. No. 1:12-cv-01261-SAB |
| and | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, As Receiver for County Bank; As Assignee of Certain Claims, | MEMORANDUM[*] |
| Plaintiff-Appellant, | |
| v. | |
| JOHN D. DOAK, FKA BancInsure, Inc., Insurance Commissioner as Receiver for Red Rock Insurance Company, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding

Argued and Submitted March 13, 2017
San Francisco, California

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WARDLAW and GOULD, Circuit Judges, and HUFF,[**] District Judge.

Plaintiff-Appellant Federal Deposit Insurance Corporation ("FDIC") appeals from the district court's summary judgment in favor of Defendant-Appellee BancInsure, Inc. ("BancInsure")[1] and against FDIC in an insurance coverage dispute between the parties. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The FDIC argues that the district court erred when it determined that the "insured v. insured" exclusion in the relevant BancInsure policy bars coverage for claims brought by the FDIC in its capacity as receiver. The FDIC argues that the term "receiver" contained in that exclusion is ambiguous. It asserts that, under the context of the policy as a whole and the surrounding circumstances, the term "receiver" does not include the FDIC as receiver. We disagree. The "insured v. insured" exclusion bars any claims brought by any receiver of County Bank, including the FDIC as receiver of County Bank. *See FDIC v. BancInsure, Inc.*, __ Fed. App'x __, 2017 WL 83489, at *3–4 (9th Cir. Jan. 10, 2017); *BancInsure, Inc.*

---

[**] The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation.

[1] Defendant-Appellee for this appeal is technically John D. Doak, Insurance Commissioner as Receiver for Red Rock Insurance Company, formerly known as BancInsure, Inc. Because the parties refer to Defendant-Appellee as BancInsure in their briefing, and the district court referred to Defendant as BancInsure in its summary judgment order, we will refer to Defendant-Appellee as "BancInsure."

*v. FDIC*, 796 F.3d 1226, 1234–39 (10th Cir. 2015), *cert. denied* 136 S. Ct. 2462

(2016).

Section IV.A.21 of the relevant policy, referred to by the parties as the

"insured v. insured" exclusion, provides:

> A.  The Insurer shall not be liable to make any payment for loss in connection with any claim based upon, arising out of, relating to, in consequence of, or in any way involving: . . .
>
>> 21.  a claim by, or on behalf of, or at the behest of, any other insured person, the company, or any successor, trustee, assignee or receiver of the company except for:
>>
>>> a.  a shareholder's derivative action brought on behalf of the company by one or more shareholders who are not insured persons and make a claim without the cooperation or solicitation of any insured person or the company.

Under the plain language of the "insured v. insured" exclusion, the policy states

that the insurer, BancInsure, is not liable to make any payments for any claims

brought by any receiver of the company, County Bank.  Here, the FDIC concedes

that it is "undeniably" acting in its capacity as County Bank's receiver.  Thus,

under the plain meaning of the "insured v. insured" exclusion, the policy bars

coverage for the FDIC's claims in the underlying action.  *Cf. Cal. State Auto. Ass'n*

*Inter-Ins. Bureau v. Warwick*, 550 P.2d 1056, 1059 (Cal. 1976) ("From the earliest

days of statehood we have interpreted 'any' to be broad, general and all

3

embracing."). In addition, the exception for shareholders' derivative actions contained in the "insured v. insured" exclusion does not apply here because the underlying action was not a shareholders' derivative action.

The FDIC argues that the scope of the "insured v. insured" exclusion is ambiguous in light of a separate regulatory exclusion contained in an earlier policy between BancInsure and County Bank. The regulatory exclusion was omitted from the prior policy through an endorsement and was omitted entirely from the policy at issue. The deletion of an exclusion in an insurance policy "may be considered" in interpreting "the scope and extent of coverage under a policy." *Am. Alt. Ins. Corp. v. Superior Court*, 37 Cal. Rptr. 3d 918, 924 n.2 (Ct. App. 2006). But the fact that an exclusion is deleted from a policy does not necessarily mean that everything that was included in the exclusion is now covered under the policy. *See, e.g.*, *Hervey v. Mercury Cas. Co.*, 110 Cal. Rptr. 3d 890, 897–98 (Ct. App. 2010) (finding that a medical expense endorsement that deleted a provision dealing with reimbursements of medical payments did not alter a different provision in the policy dealing with reimbursements in connection with uninsured motorist coverage). This is particularly true where the endorsement deleting the exclusion expressly provides that the other terms in the policy remain unchanged. *See id.*

Here, the regulatory exclusion endorsement at issue expressly states that it

4

does not "vary, waive or extend" any of the other "terms, conditions, provisions, agreements or limitations" in the prior policy. One of the other provisions in the prior policy is the "insured v. insured" exclusion, which expressly bars from coverage any claims brought by any receiver of County Bank. Because the regulatory exclusion endorsement did not vary the terms of the "insured v. insured" exclusion, the "insured v. insured" exclusion bars coverage for claims by the FDIC in its capacity as receiver of County Bank.[2]

In addition, the FDIC argues that the "insured v. insured" exclusion is ambiguous in light of certain extrinsic evidence. Under California law, a court may consider extrinsic evidence in determining whether language in a contract is ambiguous. *See Pac. Gas & Elec. Co. v. G. W. Thomas Drayage & Rigging Co.*, 442 P.2d 641, 645 (Cal. 1968); *Wolf v. Superior Court*, 8 Cal. Rptr. 3d 649, 656 (Ct. App. 2004); *see also Dore v. Arnold Worldwide, Inc.*, 139 P.3d 56, 60 (Cal. 2006) ("'Even if a contract appears unambiguous on its face, a latent ambiguity may be exposed by extrinsic evidence which reveals more than one possible

---

[2] We do not find persuasive the FDIC's reliance on *Safeco Insurance Company of America v. Robert S.*, 28 P.3d 889 (Cal. 2001), and *American Alternative*, 37 Cal. Rptr. 3d 918, as both of those cases are distinguishable from the present case. *Safeco* and *American Alternative* both involved a situation where the relevant term was ambiguous on its face and where the adoption of the insurer's proposed interpretation would render the omission of a different exclusion meaningless. *See Safeco*, 28 P.3d at 893–94; *Am. Alt.*, 37 Cal. Rptr. 3d at 924. Those circumstances are not present here.

meaning to which the language of the contract is yet reasonably susceptible.'").

Nevertheless, the district court correctly concluded that the extrinsic evidence offered by the FDIC does not render the "insured v. insured" exclusion reasonably susceptible to the FDIC's proposed interpretation. The district court properly concluded that the extrinsic evidence offered by the FDIC supports BancInsure's interpretation of the "insured v. insured" exclusion, not the FDIC's interpretation.

Finally, the FDIC argues that several federal courts have refused to interpret "insured v. insured" exclusions to bar claims by the FDIC as receiver. But, as the district court correctly noted, all of the cases cited by the FDIC are distinguishable from the policy in this case because none of the policies in those cases expressly excluded coverage for claims brought by a "receiver" of the company.

**AFFIRMED.**