Filed 1/24/25; Certified for Publication 1/31/25 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANDREW MURPHY,<br><br>  Plaintiff and Appellant,<br><br> v.<br><br>AAA AUTO INSURANCE OF SOUTHERN CALIFORNIA,<br><br>  Defendant and Respondent. | G063742<br><br>(Super. Ct. No. 30-2022-01269388)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Nathan T. Vu, Judge. Affirmed.

Andrew Murphy, in pro. per., for Plaintiff and Appellant.

Smith Smith & Feeley and Phillip E. Smith for Defendant and Respondent.

\*       \*       \*

Andrew Murphy appeals from a grant of summary judgment in favor of respondent Interinsurance Exchange of the Automobile Club, erroneously sued as AAA Auto Insurance of Southern California (the Exchange).[1] Murphy was insured under a personal automobile policy issued by the Exchange, and was involved in a collision with another vehicle while using his personal vehicle to conduct business as a delivery driver on behalf of his employer. His coverage claim was denied and he sued the Exchange for breach of contract to obtain benefits under the policy. The trial court granted summary judgment, finding the Exchange had correctly denied the claim under an exclusion which prevents coverage when the insured is transporting property in exchange for compensation (the compensated carrying exclusion).

Murphy contends the compensated carrying exclusion only applies to delivery drivers who work as independent contractors, rather than drivers who are employed by those compensating them. He also contends the exclusion is overly broad. As we discuss below, we are not persuaded by these arguments, and we affirm the judgment.

---

[1] Murphy sued respondent as "AAA Auto Insurance of Southern California." He later amended the complaint, correcting respondent's name to Interinsurance Exchange of the Automobile Club. The caption remained the same, but we refer to respondent as "the Exchange," which is how respondent refers to itself in its brief.

STATEMENT OF FACTS[2]

Starting in about February 2022, Murphy was employed as a full-time delivery driver for GE United Technologies, LLC doing business as Grassdoor (Grassdoor), which was a licensed cannabis retailer and delivery service. Grassdoor's drivers used their own personal vehicles to deliver cannabis products to customers who ordered them online.

Murphy would drive his personal vehicle, a 2012 Toyota Corolla, to Grassdoor's warehouse facility in the City of Commerce where cannabis orders would be loaded into his vehicle. He would then drive the vehicle to deliver the orders. Murphy worked approximately nine hours a day, five days a week doing this job for Grassdoor, and would typically deliver about 10 to 20 orders per day. He was paid once per week and was reimbursed for his mileage.

On July 3, 2022, Murphy was involved in a collision while delivering orders. His Toyota Corolla was damaged. At the time of the collision, Murphy was the named insured on an automobile policy issued by the Exchange. The policy covered physical damage to Murphy's car unless coverage was otherwise excluded. The policy contained the compensated carrying exclusion, which was an amendatory endorsement stating in pertinent part: ". . .this policy does not apply: (a) to any *automobile* . . . while used to carry *persons* or property . . . in each instance for: (1) a charge;

---

[2] We derive the contents of this section from the Exchange's separate statement of undisputed facts submitted in support of its motion for summary judgment. Murphy did not file a responsive separate statement in opposition to the Exchange's motion, which is required under Code of Civil Procedure section 437c, subdivision (b)(3). Additionally, when filing his opposition, Murphy conceded the "basic facts of the case are not in dispute."

(2) any form of compensation, voluntary payment or benefit; or (3) the promise or agreement for any form of compensation, voluntary payment or benefit, whether or not such compensation, voluntary payment or benefit is actually paid or provided."

Murphy submitted a claim to the Exchange for the damage to his vehicle, but the Exchange denied coverage.

PROCEDURAL HISTORY

On July 12, 2022, Murphy filed a complaint against the Exchange for breach of contract. He alleged the compensated carrying exclusion was ambiguous and against public policy. After Murphy filed a first amended complaint with non-substantive changes, the Exchange answered on December 21, 2022. A jury trial was set for February 20, 2024.

On September 25, 2023, the Exchange filed a motion for summary judgment, arguing that the undisputed facts established that the Exchange did not breach its insurance contract with Murphy, and thus that he had no claim against the Exchange. Murphy opposed the motion, arguing that the exclusion was ambiguous and he was reasonable in believing he was covered. He also argued that public policy did not favor applying the compensated carrying exclusion to people employed as delivery drivers. He acknowledged he did not have any insurance coverage through Grassdoor.

The trial court ruled in favor of the Exchange, finding the Exchange had met its burden to show the compensated carrying exclusion applied, and Murphy had not shown the exclusion was ambiguous or contrary to public policy.

4

## DISCUSSION

### I.

#### STANDARD OF REVIEW

"We review a grant of summary judgment de novo and, viewing the evidence in the light most favorable to the nonmoving party (*Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618), decide independently whether the facts not subject to triable dispute warrant judgment for the moving party as a matter of law. (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347; *Schachter v. Citigroup, Inc.* (2009) 47 Cal.4th 610, 618.)" (*Luebke v. Automobile Club of Southern California* (2020) 59 Cal.App.5th 694, 703.) Because the facts in this case are clearly undisputed, the issue before us is purely one of law, particularly because it involves interpreting the scope of insurance coverage. (See *Yahoo Inc. v. National Union Fire Ins. Co. etc.* (2022) 14 Cal.5th 58, 67 (*Yahoo*).)

### II.

#### THE COMPENSATED CARRYING EXCLUSION APPLIES TO MURPHY'S CLAIM

*Yahoo* lays out the guidelines for interpreting an insurance policy: "The relevant principles are well settled. In *Palmer v. Truck Ins. Exchange* (1999) 21 Cal.4th 1109, 1115, we said: "'While insurance contracts have special features, they are still contracts to which the ordinary rules of contractual interpretation apply." [Citation.] Thus, "the mutual intention of the parties at the time the contract is formed governs interpretation." [Citation.] If possible, we infer this intent solely from the written provisions of the insurance policy. [Citation.] If the policy language "is clear and explicit, it governs."' Similarly, in *Boghos v. Certain Underwriters at Lloyd's of London* (2005) 36 Cal.4th 495, 501, we said: "'Our goal in construing insurance contracts, as with contracts generally, is to give effect to the

5

parties' mutual intentions. [Citations.] "If contractual language is clear and explicit, it governs." [Citations.] If the terms are ambiguous [i.e., susceptible of more than one reasonable interpretation], we interpret them to protect "'the objectively reasonable expectations of the insured.'" [Citations.] Only if these rules do not resolve a claimed ambiguity do we resort to the rule that ambiguities are to be resolved against the insurer.'" (*Yahoo*, *supra*, 14 Cal.5th at p. 67.)

The policy language here is clear and explicit. There is no coverage for collision damage occurring while the car is being operated to transport property in exchange for compensation. We give the word "property" its plain and ordinary meaning, as the word is not specially defined in the policy itself. The word "property" is a broad term referring to things which are or may be owned or possessed. (See Webster's 3d New Internat. Dict. (1993) p. 1818.) It is undisputed Murphy was transporting cannabis, which falls under the category of property. Murphy also does not dispute that he was employed by Grassdoor to transport the cannabis, and that he was compensated for doing so.

Murphy, however, contends that the exclusion applies to independent contractors, and not to drivers *employed* to transport property. It would make sense, he argues, for the Exchange to exclude coverage for independent contractors' use of the car for their business because they have the ability to obtain commercial car insurance, whereas employees do not. He also points to the exclusion's language, stating that it applies to damage arising from the use of the car to transport property "in each instance for" compensation or a charge. Murphy notes he was paid by the hour, and not per delivery.

We disagree. As the parties and the trial court noted at the summary judgment hearing, Murphy's employer, Grassdoor, was legally responsible for making him whole in this situation. Labor Code section 2802 subdivision (a), provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."[3]

Murphy counters that Grassdoor is now insolvent, and he is unable to find an attorney to represent him in a suit against Grassdoor to recover his damages. Therefore, he argues, he should be able to obtain relief through his personal automobile insurance policy. Again, we disagree. The Exchange's obligation to provide personal vehicle coverage is not triggered by the financial condition of an insured's employer. Murphy has a remedy against Grassdoor. He cannot seek that remedy from a third party who has explicitly disclaimed liability for it.

As for the "in each instance" language on which Murphy focuses, we interpret this to refer to each instance in which the vehicle is used and damage arises. It does not refer to each instance of compensation.

The compensated carrying exclusion thus applies and the Exchange was justified by the policy in denying Murphy's insurance claim.

---

[3] There is no allegation that Murphy acted unlawfully.

III.

THE EXCLUSION WAS NOT AMBIGUOUS, AND IS NOT CONTRARY TO PUBLIC
POLICY

"An exclusionary clause 'must be *conspicuous, plain and clear*.' (*Steven v. Fidelity & Casualty Co.* (1962) 58 Cal.2d 862, 878, italics added.) 'A conspicuous, unambiguous applicable exclusion will override the insuring clause and eliminate coverage the policy might otherwise afford. [Citation.]' (*American Star Ins. Co. v. Insurance Co. of the West* [(1991)] 232 Cal.App.3d [1320,] 1325.) Policy language is ambiguous when it is amenable to more than one reasonable construction. (*Delgado v. Heritage Life Ins. Co.* (1984) 157 Cal.App.3d 262, 271.) The appellate court determines the issue of ambiguity as a question of law. (*Id.* at p. 270.) It does not decide which of various interpretations is correct because, 'under settled principles so long as coverage is available under any reasonable interpretation of an ambiguous clause, the insurer cannot escape liability.' (*State Farm. Mut. Auto Ins. Co. v. Jacober* (1973) 10 Cal.3d 193, 197.)" (*DeMay v. Interinsurance Exchange* (1995) 32 Cal.App.4th 1133, 1137.)

To be conspicuous, the language must "adequately direct[] the reader to the terms of the relevant exclusionary language. [Citation.] Once the provision has been determined to be conspicuous, the provision must also be plain and clear in order to be given effect. ""This means more than the traditional requirement that contract terms be "unambiguous." Precision is not enough. Understandability is also required."" [Citation.]" (*Travelers Property Casualty Co. of America v. Superior Court* (2013) 215 Cal.App.4th 561, 575.)

The compensated carrying exclusion was added as part of an amendatory endorsement which contained the following header: "THIS

8

ENDORSEMENT CHANGES YOUR POLICY. PLEASE READ IT CAREFULLY AND ATTACH IT TO YOUR POLICY." This language adequately alerts the reader to read the entire endorsement to understand how it changes the policy. Furthermore, the policy language amended by the endorsement states in block capital letters "WHAT IS NOT COVERED – EXCLUSIONS." It was clear that everything under that heading was excluded. The language of the exclusion is sufficiently understandable and conveys that the policy would not cover damage arising from use of the vehicle to transport people or property for a charge or for compensation.

Murphy argues that the compensated carrying exclusion is overly broad in its language. He posits two scenarios in order to illustrate this. First, if an insured drove a friend's child to school and the friend purchased dinner as a thank you, Murphy says, the insured would not be covered in the event of an accident while driving the child to school. Second, if a legal process server is in a collision while en route to serve papers, the process server's damage would not be covered. Because the exclusion applies in each instance in which an insured vehicle is used to transport persons or property in exchange for "benefit," Murphy contends that an insured might not have coverage even in these scenarios.

We agree that the exclusion would apply in the second scenario. The second scenario involves a person using his or her vehicle for business purposes, and just like Murphy, we would expect the process server to go to his or her commercial insurer or employer for redress in the event of a collision. The first scenario, while an interesting hypothetical, is ultimately irrelevant to the issue before us. The facts are different here. It was clear that Murphy was driving his vehicle in the course and scope of his employment.

Finally, Murphy asserts the trial court failed to properly assess his argument that the exclusion is contrary to public policy. He believes it is against public policy to apply the exclusion to employee delivery drivers. But, as we point out above, employee delivery drivers have the protection of Labor Code section 2802 in the event that they suffer loss or damage while working for their employer. The exclusion does not contravene this statute. We can see no public policy basis on which to invalidate the exclusion. The trial court properly granted summary judgment.

## DISPOSITION

The judgment is affirmed. Respondent is entitled to recover its costs on appeal.

MOORE, J.

WE CONCUR:

O'LEARY, P. J.

SANCHEZ, J.

10

Filed 1/31/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANDREW MURPHY, | |
| Plaintiff and Appellant, | G063742 |
| v. | (Super. Ct. No. 30-2022-01269388) |
| AAA AUTO INSURANCE OF SOUTHERN CALIFORNIA, | ORDER GRANTING REQUEST FOR PUBLICATION |
| Defendant and Respondent. | |

Respondent's Attorney Phillip E. Smith, of Smith Smith & Feeley, has requested that our opinion, filed on January 24, 2025, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED.

The opinion is ordered published in the Official Reports.

MOORE, J.

WE CONCUR:

O'LEARY, P. J.

SANCHEZ, J.