**MUTUAL OF ENUMCLAW INSURANCE COMPANY, Plaintiff—Appellant,**

v.

**Richard JONAS, dba Lead's Manufacturing Company, Defendant—Appellee.**

Nos. 01–35280, 01–35490.
D.C. Nos. CV–00–06059–MRH, CV–00–06059–HO.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2002.

Decided May 20, 2002.

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

Before TROTT, and T.G. NELSON, Circuit Judges, and RHOADES,\* District Judge.

---

\* The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We consider claim five alone, because that was the only claim Jonas argued below.

2. *See Volt Serv. Group v. Adecco Empl. Serv., Inc.,* 178 Or.App. 121, 35 P.3d 329, 338

## MEMORANDUM \*\*

Mutual of Enumclaw (Mutual) appeals the district court's grant of summary judgment and award of attorney's fees in favor of Richard Jonas. We reverse. Mutual owed neither a duty to defend nor a duty to indemnify. The suit brought against Jonas[1] was not for unfair competition, within the meaning of the policy; moreover, it fell within a policy exclusion.

### I. Duty to Defend

#### A. Unfair Competition

■ The policy definition of "advertising injury" includes the term "unfair competition." Mutual argues for a narrow definition of the term, based on the common law.[2] Jonas offers a broader definition, citing several cases in which various activities have been described as "unfair competition."[3] Because either definition represents a "plausible interpretation of the term's plain meaning,"[4] we must examine the possible meanings "in the light of the specific context in which the term is used in the policy."[5] When we do so, the only plausible interpretation is Mutual's. All the terms surrounding "unfair competition" involve intellectual property or the disparagement of one's name. They do not involve, and are not closely related to, the misuse of trade secrets. Accordingly, when considered in context, the common law definition offered by Mutual is the only

(2001) (*citing Wedgwood Homes v. Lund,* 294 Or. 493, 659 P.2d 377 (1983)).

3. *See Western Alliance Corp. v. Western Reliance Corp.,* 57 Or.App. 263, 643 P.2d 1382 (1982); *Kamin v. Kuhnau,* 232 Or. 139, 374 P.2d 912 (1962).

4. *Red Lion Hotels, Inc. v. Commonwealth Ins. Co. of Am.,* 177 Or.App. 58, 33 P.3d 358, 361 (2001).

5. *Id.*

plausible definition. Because the suit against Jonas does not fall within the only plausible definition offered by the parties, it was not covered and Mutual owed no duty to defend.

### B. Exclusion for Suits Based on Breaches of Contract

■ The suit against Jonas fell within a policy exclusion as well. The complaint was based on breach of contract, and the policy specifically excludes suits based on such breaches. Although the complaint cites Oregon Revised Statute § 646.461, that provision does not constitute a basis of the complaint that is independent of breach of contract. The definitions in that statute describe duties that could, in the suit against Jonas, only be derived from contract.

The complaint alleged that Jonas was under a duty to maintain the plaintiff's trade secrets because he had signed a contract agreeing to do so. Thus, the duty cited by the statute allegedly arose, according to the complaint, from contract. Accordingly, the statutory violations alleged arose from the same breach of contract pled within the rest of claim five, and all of claim five fell within the policy exclusion. Thus, Mutual owed no duty to defend.

### II. Duty to Indemnify

No duty to indemnify exists if no claim in a complaint falls within a policy's coverage.[6] Because that is the case here, we reverse on this issue as well.

### III. Conclusion

For the foregoing reasons, we reverse. In addition, because Jonas is no longer the prevailing party, we vacate the district court's award of attorney's fees.

**REVERSED and ATTORNEY'S FEE AWARD VACATED.**

---

6. *See Ledford v. Gutoski,* 319 Or. 397, 877 P.2d 80, 85 (1994).

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.