Argued and submitted May 19, affirmed September 15, 2004

## Leahbelle RISTINE,
a minor by and through her guardian ad litem
Barbara Ristine,
and Barbara Ristine, individually,
*Appellants,*

*v.*

## HARTFORD INSURANCE COMPANY
OF THE MIDWEST,
a foreign insurance company,
*Respondent.*

0204-03158; A120828

97 P3d 1206

Christine M. Cook argued the cause and filed the brief for appellants.

R. Daniel Lindahl argued the cause for respondent. With him on the brief were Ronald J. Clark and Bullivant Houser Bailey PC.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

This is an insurance coverage case in which the issue is whether defendant Hartford Insurance Company of the Midwest is obligated under its homeowners' policy to cover a claim against its insureds for failing to prevent the insured husband from committing sexual abuse. Defendant contends that it has no such obligation because the policy expressly excludes from coverage bodily injury claims "arising out of sexual molestation." The trial court agreed and entered summary judgment in favor of defendant. We affirm.

The material facts are not in dispute. Defendant issued a homeowners' insurance policy to David and Carol Purcell. Three portions of the policy pertain to the issues in contention on appeal. First, the policy provided liability coverage for "bodily injury or property damage caused by an occurrence to which this coverage applies." Second, the policy also contained a list of exclusions from coverage for bodily injury or property damage

"a. Which is expected or intended by the insured;

"b. Arising out of or in connection with a business engaged in by an insured. * * *

"c. Arising out of the rental or holding for rental of any part of any premises by an insured. * * *

"d. Arising out of the rendering of or failure to render professional services;

"e. Arising out of a premises:

"(1) Owned by an insured;

"(2) Rented to an insured;

"(3) Rented to others by an insured that is not an insured location;

"* * * * *

"j. Which arises out of the transmission of a communicable disease by an insured;

"k. Arising out of sexual molestation, corporal punishment or physical or mental abuse[.]"

Third, the policy contained a severability clause that stated, "This insurance applies separately to each insured."

Plaintiffs are Barbara Ristine and her minor daughter L. Plaintiffs filed a complaint against David Purcell and his wife Carol alleging that David Purcell had sexually abused L. The complaint alleged that David Purcell was a convicted sex offender and that Carol Purcell knew that he was a convicted offender. The complaint further alleged that, "[f]rom approximately December of 1998 to August of 1999, while Mrs. Purcell's granddaughter was visiting her, L was invited by the granddaughter, with the consent of Mrs. Purcell to spend the night from time to time. During these visits, L was repeated[ly] sexually abused by Purcell." Based on those allegations of fact, the complaint alleged that David Purcell was liable to plaintiffs for battery, negligence, and reckless infliction of emotional distress. The complaint further alleged that Carol Purcell was liable for negligently failing to disclose to them that her husband was a sex offender and for allowing him to be alone with L. It also alleged that Carol Purcell was liable for reckless infliction of emotional distress because she allowed L to spend the night in the Purcell home.

The Purcells notified defendant of the complaint and requested that defendant provide a defense under the terms of their homeowners' policy. Defendant declined the tender on the ground that plaintiffs' claims were not covered by the policy.

Plaintiffs eventually settled their claims against Carol Purcell. Among other things, Carol Purcell assigned her rights against defendant. The record does not disclose the disposition of the claims against David Purcell.

Plaintiffs then initiated this action against defendant for breach of contract for failure to provide a defense or to indemnify Carol Purcell in the underlying action against her for negligence and reckless infliction of emotional distress. Defendant moved for summary judgment, arguing that, among other things, the policy unambiguously excluded plaintiffs' claims because they arise out of sexual molestation. Plaintiffs also moved for summary judgment, arguing that, as a matter of law, defendant is obligated to provide coverage because the exclusion for sexual molestation does not

unambiguously apply. According to plaintiffs, the exclusion applies only to sexual molestation committed by the insured, Carol Purcell. Because the sexual molestation at issue in the underlying case was committed by David Purcell, plaintiffs argued, the exclusion does not apply to Carol Purcell. Defendant argued that the policy simply does not say what plaintiffs assert. The trial court agreed and granted defendant's motion, denied plaintiffs' motion, and entered judgment dismissing the complaint.

On appeal, plaintiffs argue that the trial court erred in granting defendant's motion for summary judgment and in denying their own motion. They argue that the policy unambiguously requires coverage. Specifically, they argue that, because the policy contains a severability provision declaring that the policy applies separately to David and Carol Purcell, the exclusion for bodily injury claims "[a]rising out of sexual molestation" must refer to claims for sexual molestation committed only by each individual insured. As a result, they assert, the exclusion for claims "[a]rising out of sexual molestation" must be understood in this case to apply only to claims arising out of sexual molestation committed by the insured, that is, Carol Purcell. Because the underlying tort claims do not involve sexual molestation committed by Carol Purcell, they conclude, the exclusion does not apply. According to plaintiffs, because of the severability clause, the fact that the sexual molestation was committed by another insured is irrelevant.

Defendant argues that the exclusion unambiguously applies to sexual molestation, whether committed by Carol Purcell or anyone else. Defendant observes that, when it wished to qualify an exclusion by referring only to an act of an insured, it plainly said so in the policy, as evidenced by the many exclusions that expressly apply to acts committed by, or on the premises of, "an insured." According to defendant, plaintiffs' reading of the exclusion inserts wording that intentionally was left out. The severability clause, defendant contends, means merely what it says—that is, that the insurance "applies separately to each insured." That clause does not alter the fact that the insurance that applies separately to each insured contains an exclusion for claims arising out of

sexual molestation, without any limitation as to who committed it.

Resolution of this appeal thus turns on a question of law, the interpretation of an insurance policy. In *Hoffman Construction Co. v. Fred S. James & Co.*, 313 Or 464, 836 P2d 703 (1992), the Supreme Court explained the interpretive method that applies to the construction of insurance policies. Our objective is to determine what the parties intended the policy to cover. *Id.* at 469. That determination of intent is based on the terms and conditions expressed in the actual wording of the policy. *Id.* Only if the wording is ambiguous do we resort to rules of construction, such as the familiar canon that policies are construed against the insurer. *Id.* at 470. "Ambiguity," however, is something of a term of art. As the Supreme Court explained:

> "For a term to be ambiguous in the sense that justifies resort to the foregoing rule, however, there needs to be more than a showing of two plausible interpretations[.] * * * [A] term is ambiguous in a sense that justifies application of the rule of construction against the insurer *only* if two or more plausible interpretations of that term withstand scrutiny, *i.e.*, continues to be reasonable, after the interpretations are examined in the light of, among other things, the particular context in which the term is used in the policy and the broader context of the policy as a whole."

*Id.* (emphasis in original).

In this case, the policy contains an exclusion for bodily injury claims "[a]rising out of sexual molestation." The term "arise" ordinarily means "to originate from a specified source," *Webster's Third New Int'l Dictionary* 117 (unabridged ed 1993), or to "stem [or] result (from)," *Black's Law Dictionary* 102 (7th ed 1999). Consistently with that ordinary meaning, the term "arising out of" as used in insurance policies generally is understood broadly to mean " 'flowing from' " or " 'having its origin in,' " thereby "indicating that there need be 'a' causal connection, rather than a proximate causal connection." Lee R. Russ & Thomas F. Segalia, 7 *Couch on Insurance 3d* § 101:54 (1997). Indeed, the parties to this case do not appear to debate that plaintiffs' claim against Carol Purcell "aris[es] out of" sexual molestation. The debate

centers on whether the exclusion provision of the insurance policy must be understood to refer only to claims that arise out of sexual molestation *by the insured*.

The short answer to that debate is that the policy contains no wording that, reasonably construed, imposes such a limitation on the exclusion. The policy refers to claims arising out of sexual molestation without reference to any limitation as to who committed the act of molestation. Thus, the policy appears to state that the exclusion is based on the nature of the act, not the identity of the actor.

In strong support of that conclusion is the fact that the policy contains many other exclusions that expressly are predicated on the identity of the actor. The policy, for example, excludes bodily injury that is "expected or intended by the insured." It similarly excludes claims "[a]rising out of or in connection with a business engaged in by an insured." It excludes claims "[a]rising out of the rental or holding for rental of any part of any premises by an insured." It likewise excludes claims arising out of premises owned or rented "by an insured." And it excludes claims arising out of "the transmission of a communicable disease by an insured."

It is thus clear that, when an exclusion is intended to apply to an act committed by, or on the premises of, an insured, the policy expressly says so by referring to "the insured." In contrast to those exclusions, the one at issue in this case contains no such qualification. It states that bodily injury "[a]rising out of sexual molestation" is excluded, without any reference to the act of molestation having been committed "by an insured."[1]

---

[1] We observe from cases that have arisen in other jurisdictions that exclusions that expressly refer to sexual molestation "by an insured" or "by any insured" are not uncommon. *See, e.g., Northwest G.F. Mut. Ins. Co. v. Norgard*, 518 NW2d 179, 180 (ND 1994) ("[T]he bodily injury and property damage coverage provided under this endorsement does not apply * * * to bodily injury or property damage arising out of sexual molestation, corporal punishment or physical or mental abuse inflicted upon any person by or at the direction of an insured, an insured's employee or any other person involved in any capacity in the day care enterprise[.]"); *American Family Mut. Ins. Co. v. Enright*, 334 Ill App 3d 1026, 781 NE2d 394, 398 (2002), *app den*, 203 Ill 2d 543 (2003) (exclusion for injury "arising out of sexual molestation * * * inflicted upon any person by or at the direction of an insured"); *Gallegos v. Allstate*, 372 Md 748, 816 A2d 102, 104 (2003) (exclusion for injuries "arising out of sexual molestation * * * inflicted by or at the direction of an insured or an employee of the insured").

Plaintiffs urge us to read the exclusion as if it stated that it applied to bodily injury "arising out of sexual molestation *committed by the insured.*" To do that, however, we would have to insert wording into the policy that, from all indications, was consciously omitted. *See* ORS 42.230 (in the construction of written instruments, courts must not "insert what has been omitted"). As the Supreme Court has instructed, in construing the terms of an insurance policy, we are to give the wording of the policy its natural meaning and not attribute "unlikely meanings to the terms employed without some basis in the policy for doing so." *Western Fire Insurance Co. v. Wallis*, 289 Or 303, 308, 613 P2d 36 (1980).

Plaintiffs insist that, in this case, the severability provision of the policy provides just such a basis for effectively inserting the "missing" terms in the exclusion for bodily injury "[a]rising out of sexual molestation." As they did to the trial court, they argue to us that the import of the severability provision is that the policy must be understood to apply separately to each insured. Thus, they conclude, the reference to bodily injury "[a]rising out of sexual molestation" must be understood to refer to sexual molestation committed separately by each insured. In support of their argument, plaintiffs rely on three decisions from other jurisdictions: *Worcester Mut. Ins. Co. v. Marnell*, 398 Mass 240, 496 NE2d 158 (1986); *American Nat. Fire Ins. v. Fournelle Est.*, 472 NW2d 292 (Minn 1991); and *United Servs. Auto. Ass'n v. DeValencia*, 190 Ariz 436, 949 P2d 525 (Ariz Ct App 1997).

We are unpersuaded. Even though the homeowners' policy applies separately to David and Carol Purcell, the fact remains that the policy that separately applies to them contains an exclusion for bodily injury "[a]rising out of sexual molestation." There is nothing in the wording of the severability provision itself that remotely suggests that it affects the substance of any provisions concerning coverage or exclusions.

The cases that plaintiffs cite are not to the contrary. In each one, the insurance policy at issue contained an exclusion that expressly referred to conduct of "an insured" or "any insured." The issue was whether the existence in the severability clause in each case had the effect of narrowing the

meaning of the reference to the "insured" so that the exclusion applied only to conduct of the insured claiming coverage and not to other insureds. *Worcester Mut. Ins. Co.,* 496 NE2d at 159-61; *American Nat. Fire Ins.,* 472 NW2d at 293-95; *United Servs. Auto. Ass'n,* 949 P2d at 526-27. None of the cases even addressed the problem we confront in this case, that is, the effect of a severability clause on an exclusion that makes no reference to an insured at all.

Moreover, the decisions on which plaintiffs rely do not appear particularly well reasoned. Limiting an exclusion that, by its terms applies to *"an* insured" or to *"any* insured" to one—and only one—insured would seem to conflict with its wording, which employs an indefinite article.[2] *See, e.g., Osborn v. PSRB,* 325 Or 135, 143 n 7, 934 P2d 391 (1997) (drawing distinction between use of definite and indefinite articles). Interestingly, the Arizona Court of Appeals decision in *United Servs. Auto. Ass'n* was later distinguished by the same court on the ground that "any insured" is not restricted to a particular person. *American Family Mut. Ins. Co. v. White,* 204 Ariz 500, 65 P3d 449, 456-57 (Ariz App Div 2003). And the other two decisions have been the subject of criticism from courts in other jurisdictions, which contend that limiting the effect of exclusions on the basis of severability clauses "ignores and does violence to the plain language of the insurance contract." *Johnson v. Allstate Ins. Co.,* 687 A2d 642, 645 (Me 1997); *see also Allstate Ins. Co. v. Kim,* 121 F Supp 2d 1301, 1308 (D Hawaii 2000) (severability clause "clearly was intended to afford each insured a full measure of coverage up to the policy limits, not to negate the policy's intentional acts exclusion"); *Mutual of Enumclaw Ins. Co. v. Cross,* 103 Wash App 52, 62, 10 P3d 440 (2000) ("clear and specific exclusion language in an exclusion prevails over a severability clause, *i.e.,* that an exclusion is not negated by or rendered ambiguous by a severability clause").[3]

---

[2] In fact, the court in *Worcester Mut. Ins. Co.* candidly acknowledged that its construction of the policy at issue in that case rendered the word "any" in the phrase "any insured" meaningless. 496 NE2d at 161. The court explained that it felt that it was necessary to do that to give fuller meaning to the severability provision. *Id.*

[3] Some courts have drawn a distinction between exclusions that refer to the conduct of "an insured" or "the insured" and those that refer to the conduct of "any insured." They reason that the use of the article "an" or "the" refers to the conduct

We conclude that the trial court correctly determined that the exclusion for bodily injury "[a]rising out of sexual molestation" applies and that the severability provision in the policy does not limit that exclusion to sexual molestation committed by the insured, Carol Purcell. The trial court therefore did not err in granting defendant's motion for summary judgment and in denying plaintiffs' motion.

Affirmed.

---

of a single person, *i.e.*, *the* insured, while the use of the article "any" indicates broader application to *all* insureds. *Compare California State Auto. Ass'n Inter-Ins. Bur. v. Warwick*, 17 Cal 3d 190, 550 P2d 1056-59 (1976) ("the term 'any insured' [in an exclusion] unmistakably refers to any person insured under the policy"), *and American Family v. Copeland-Williams*, 941 SW2d 625, 629 (Mo Ct App 1997) ("The use of the phrase 'any insured' makes the exclusionary clause unambiguous even in light of the severability clause."), *with Shelter Mut. Ins. Co. v. Brooks*, 693 SW2d 810, 812 (Mo 1985) ("*the* insured," when coupled with a severability provision, makes the exclusion ambiguous and requires construction against the insurer), *and Catholic Diocese of Dodge City v. Raymer*, 16 Kan App 2d 488, 825 P2d 1144, 1151 (1992) ("*an* insured" coupled with a severability provision is ambiguous). As we have noted, in this case, there is no reference in the exclusion for bodily injury "[a]rising out of sexual misconduct" to conduct of any particular person at all.