NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> WILLOWOOD USA, LLC; BRIAN HEINZE, <br><br> Defendants-Appellants, <br><br> v. <br><br> ALLIED WORLD ASSURANCE COMPANY (U.S.); COLONY INSURANCE COMPANY; REPAR CORPORATION, <br><br> Defendants-Appellees. | No.    14-35985 <br><br> D.C. No. 6:13-cv-01923-MC <br><br> MEMORANDUM* |
| WILLOWOOD USA, LLC, an Oregon limited liability company, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ALLIED WORLD ASSURANCE | No.    16-35222 <br><br> D.C. No. 6:15-cv-01050-MC |

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

COMPANY, a Delaware corporation; COLONY INSURANCE COMPANY, a Virginia corporation; CRUM & FORSTER SPECIALTY INSURANCE COMPANY, an Arizona company,

Defendants-Appellees.

Appeals from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted May 12, 2017
Portland, Oregon

Before: BYBEE and HURWITZ, Circuit Judges, and ZOUHARY,[**] District Judge.

At issue in this case is whether three insurance companies (collectively the "Insurers") had a duty to defend Willowood USA, LLC ("Willowood") against a suit by the Repar Corporation ("Repar") arising from Willowood's agreement to distribute Repar's tebuconazole products ("TEBUCON") and to indemnify Willowood for the settlement of that suit. The district court twice granted summary judgment to the Insurers, finding that because their policies did not cover Repar's claims, they had no duty to defend the suit or provide indemnification for the

---

[**] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

settlement. We have jurisdiction of Willowood's appeals under 28 U.S.C. § 1291. We reverse and remand to determine whether the settlement was for a covered claim.

1. "If the complaint, without amendment, may impose liability for conduct covered by the policy, the insurer is put on notice of the possibility of liability and it has a duty to defend." *Ferguson v. Birmingham Fire Ins. Co.*, 460 P.2d 342, 347 (Or. 1969). The Insurers' policies each cover injury arising from "use of another's advertising idea in your 'advertisement.'" Oregon courts broadly interpret the term "arising out of" in this context. *Ristine ex rel Ristine v. Hartford Ins. Co. of Midw.*, 97 P.3d 1206, 1208 (Or. Ct. App. 2004). Repar's second amended complaint specifically alleged injury from Willowood's use of Repar's advertising idea—the TEBUCON name—in Willowood's advertising. This was sufficient to put the Insurers on notice of the possibility of covered liability and trigger the obligation to defend. *See Bresee Homes, Inc. v. Farmers Ins. Exch.*, 293 P.3d 1036, 1039 (Or. 2012). The district court should therefore have granted summary judgment to Willowood with respect to the obligation to defend and we remand with instructions to do so.

2. The "facts that form[] the basis for the settlement" determine whether the insurer must indemnify. *Id.* at 1044. Willowood proffered a declaration from trial counsel, a letter from counsel to Willowood's CEO, and the declaration from the CEO, all indicating that the Repar settlement was at least in part based on covered

3

breach of implied contract claims.  This was sufficient to create a triable issue on whether the settlement was for a covered claim, and we remand for a trial on that issue.  *See Ledford v. Gutoski*, 877 P.2d 80, 84 (Or. 1994).

**REVERSED and REMANDED.**