**FILED**

AUG 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CRUM & FOSTER SPECIALITY
INSURANCE COMPANY,

Plaintiff-Appellee,

v.

WILLOWOOD USA, LLC; BRIAN
HEINZE,

Defendants-Appellants,

v.

ALLIED WORLD ASSURANCE
COMPANY (U.S.); COLONY
INSURANCE COMPANY; REPAR
CORPORATION,

Defendants-Appellees.

No.    14-35985

D.C. No. 6:13-cv-01923-MC
District of Oregon,
Eugene

ORDER

WILLOWOOD USA, LLC, an Oregon
limited liability company,

Plaintiff-Appellant,

v.

ALLIED WORLD ASSURANCE
COMPANY, a Delaware corporation;
COLONY INSURANCE COMPANY, a
Virginia corporation; CRUM & FORSTER
SPECIALTY INSURANCE COMPANY, an
Arizona company,

No.    16-35222

D.C. No. 6:15-cv-01050-MC

| Defendants-Appellees. |
| :--- |

Before:  BYBEE and HURWITZ, Circuit Judges, and ZOUHARY,[*] District Judge.

Because the clerk's office inadvertently failed to file Judge Zouhary's dissent, the Memorandum Disposition filed on August 1, 2017, is withdrawn and refiled as of this date, together with Judge Zouhary's dissent. The petition for rehearing or rehearing en banc filed on August 15, 2017, by Plaintiff-Appellee is deemed withdrawn, without prejudice to the filing of a timely new petition directed at the memorandum disposition filed today.

---

[*]      The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> WILLOWOOD USA, LLC; BRIAN HEINZE, <br><br> Defendants-Appellants, <br><br> v. <br><br> ALLIED WORLD ASSURANCE COMPANY (U.S.); COLONY INSURANCE COMPANY; REPAR CORPORATION, <br><br> Defendants-Appellees. | No.   14-35985 <br><br> D.C. No. 6:13-cv-01923-MC <br><br> MEMORANDUM[*] |
| WILLOWOOD USA, LLC, an Oregon limited liability company, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ALLIED WORLD ASSURANCE | No.   16-35222 <br><br> D.C. No. 6:15-cv-01050-MC |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

COMPANY, a Delaware corporation;
COLONY INSURANCE COMPANY, a
Virginia corporation; CRUM & FORSTER
SPECIALTY INSURANCE COMPANY, an
Arizona company,

Defendants-Appellees.

Appeals from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted May 12, 2017
Portland, Oregon

Before:  BYBEE and HURWITZ, Circuit Judges, and ZOUHARY,[**] District
Judge.

At issue in this case is whether three insurance companies (collectively the
"Insurers") had a duty to defend Willowood USA, LLC ("Willowood") against a suit
by the Repar Corporation ("Repar") arising from Willowood's agreement to
distribute Repar's tebuconazole products ("TEBUCON") and to indemnify
Willowood for the settlement of that suit.  The district court twice granted summary
judgment to the Insurers, finding that because their policies did not cover Repar's
claims, they had no duty to defend the suit or provide indemnification for the

---

[**]     The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

settlement. We have jurisdiction of Willowood's appeals under 28 U.S.C. § 1291. We reverse and remand to determine whether the settlement was for a covered claim.

1. "If the complaint, without amendment, may impose liability for conduct covered by the policy, the insurer is put on notice of the possibility of liability and it has a duty to defend." *Ferguson v. Birmingham Fire Ins. Co.*, 460 P.2d 342, 347 (Or. 1969). The Insurers' policies each cover injury arising from "use of another's advertising idea in your 'advertisement.'" Oregon courts broadly interpret the term "arising out of" in this context. *Ristine ex rel Ristine v. Hartford Ins. Co. of Midw.*, 97 P.3d 1206, 1208 (Or. Ct. App. 2004). Repar's second amended complaint specifically alleged injury from Willowood's use of Repar's advertising idea—the TEBUCON name—in Willowood's advertising. This was sufficient to put the Insurers on notice of the possibility of covered liability and trigger the obligation to defend. *See Bresee Homes, Inc. v. Farmers Ins. Exch.*, 293 P.3d 1036, 1039 (Or. 2012). The district court should therefore have granted summary judgment to Willowood with respect to the obligation to defend and we remand with instructions to do so.

2. The "facts that form[] the basis for the settlement" determine whether the insurer must indemnify. *Id.* at 1044. Willowood proffered a declaration from trial counsel, a letter from counsel to Willowood's CEO, and the declaration from the CEO, all indicating that the Repar settlement was at least in part based on covered

3

breach of implied contract claims. This was sufficient to create a triable issue on whether the settlement was for a covered claim, and we remand for a trial on that issue. *See Ledford v. Gutoski*, 877 P.2d 80, 84 (Or. 1994).

**REVERSED and REMANDED.**

*Crum & Forster Specialty Ins. Co. v. Willowood USA, LLC, et al.*, No. 14-35985

ZOUHARY, District Judge, dissenting:

As the majority notes, Willowood's insurance policies cover injuries "arising out of . . . the use of another's advertising idea in your 'advertisement.'" But the policies also exclude coverage for injuries "arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights." Oregon courts "broadly" interpret the term "arising out of" to mean "flowing from," "having its origin in," or with "a causal connection." *Ristine ex rel. Ristine v. Hartford Ins. Co. of Midwest*, 97 P.3d 1206, 1208 (Or. Ct. App. 2004) (internal quotation marks omitted).

I agree with the majority that the name TEBUCON may constitute an advertising idea. But, as the district court observed, TEBUCON is also, first and foremost, a trademark. *See generally Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 462–65 (5th Cir. 2003) (discussing distinction between trademark and advertising idea). Repar's claims for advertising injury based on Willowood's use of the TEBUCON name all arise out of the misuse of that trademark -- the so-called "gravamen" of the Second Amended Complaint. As such, these claims are expressly excluded from coverage. And, unlike the breach of contract exclusion, the intellectual

property exclusion contains no exception for trademarks that are also advertising ideas. Reviewing the policies and the Second Amended Complaint *de novo*, *see Rocky Mountain Farmers Union v. Corey*, 730 F.3d 1070, 1086 (9th Cir. 2013); *N. Pac. Ins. Co. v. Hamilton*, 22 P.3d 739, 741–42 (Or. 2001), I would affirm the district court order granting summary judgment in favor of the insurance companies on the duty to defend.

As for the duty to indemnify, this is an even narrower obligation and "arises only when the insurance policy actually covers the harm." *Am. Med. Response Nw., Inc. v. ACE Am. Ins. Co.*, 31 F. Supp. 3d 1087, 1097 (D. Or. 2014) (citing *Nw. Pump & Equip. Co. v. Am. States Ins. Co.*, 925 P.2d 1241, 1243 (1996) (en banc)). Because "[t]he pleadings clearly took the case out of . . . coverage," *Jarvis v. Indem. Ins. Co. of N. Am.*, 363 P.2d 740, 744 (Or. 1961); *see also Mut. of Enumclaw Ins. Co. v. Jonas*, 35 F. App'x 556, 558 (9th Cir. 2002) ("No duty to indemnify exists if no claim in a complaint falls within a policy's coverage."), I would also affirm the district court order granting summary judgment in favor of the insurance companies on indemnification.

I found the district court analysis of these issues -- which the majority does not address -- thorough and well-reasoned, and I believe the district court accurately applied Oregon law to the facts of this case. For these reasons, I respectfully dissent.