ZOUHARY, District Judge,
dissenting:
As the majority notes, Willowood’s insurance policies cover injuries “arising out of ... the use of another’s advertising idea in your ‘advertisement.’ ” But the policies also exclude coverage for injuries “arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.” Oregon courts “broadly” interpret the term “arising out of’ to mean “flowing from,” “having its origin in,” or with “a causal connection.” Ristine ex rel. Ristine v. Hartford Ins. Co. of Midwest, 195 Or.App. 226, 97 P.3d 1206, 1208 (2004) (internal quotation marks omitted).
I agree with the majority that the name TEBUCON may constitute an advertising idea. But, as the district court observed, TEBUCON is also, first and foremost, a trademark. See generally Sport Supply Grp., Inc. v. Columbia Cas. Co., 335 F.3d 453, 462-65 (5th Cir. 2003) (discussing distinction between trademark and advertising idea). Repar’s claims for advertising injury based on Willowood’s use of the TEBUCON name all arise out of the misuse of that trademark—the so-called “gravamen” of the Second Amended Complaint. As such, these claims are expressly excluded from coverage. And, unlike the breach of contract exclusion, the intellectual property exclusion contains no exception for trademarks that are also advertising ideas. Reviewing the policies and the Second Amended Complaint de novo, see Rocky Mountain Farmers Union v. Corey, 730 F.3d 1070, 1086 (9th Cir. 2013); N. Pac. Ins. Co. v. Hamilton, 332 Or. 20, 22 P.3d 739, 741-42 (2001), I would affirm the district court order granting summary judgment in favor of the insurance companies on the duty to defend.
As for the duty to indemnify, this is an even narrower obligation and “arises only when the insurance policy actually covers the harm.” Am. Med. Response Nw., Inc. v. ACE Am. Ins. Co., 31 F.Supp.3d 1087, 1097 (D. Or. 2014) (citing Nw. Pump & Equip. Co. v. Am. States Ins. Co., 144 Or.App. 222, 925 P.2d 1241, 1243 (1996) (en banc)). Because “[t]he pleadings clearly took the case out of ... coverage,” Jarvis v. Indem. Ins. Co. of N. Am., 227 Or. 508, 363 P.2d 740, 744 (1961); see also Mut. of Enumclaw Ins. Co. v. Jonas, 35 Fed.Appx. 556, 558 (9th Cir. 2002) (“No duty to indemnify exists if no claim in a complaint falls within a policy’s coverage.”), I would also affirm the district court order grant *279 ing summary judgment in favor of the insurance companies on indemnification.
I found the district court analysis of these issues—which the majority does not address—thorough and well-reasoned, and I believe the district court accurately applied Oregon law to the facts of this case. For these reasons, I respectfully dissent.